MONCURE, P.,
delivered the opinion of the court.
In January, 1871, Abel Gibbons exhibited his bill in chancery in the county court’of Rockingham county, charging, among other things, “that on the 4th day of April, 1860, James M. Loffland and H. M. Loffland sold and conveyed by deed of general warranty, and John C. Woodson, trustee, conveyed by deed of special warranty, to David Armentrout, 488 acres, 2 roods and 4 poles of land lying in the .county of Rockingham, in consideration of $23,500, of which $7,833.33^ was paid in hand, and the balance to be paid as follows, to-wit: $2,000 annually on the 1st day of April, 1861, 1862, 1863, 1864, 1865, 1866, 1867, and $1,666.66^ on the 1st day of April, 1868, for which deferred payments the said David Armentrout executed his bonds to Henry M. Loffland, and to secure the deferred payments a lien was expressly reserved in the deed conveying the said land;” that on the-day of -, in the year'186-, (in August, 1867,) the said David Armentrout died, leaving a will whereby he appointed B. F. Armentrout *215 and H. B. Armentrout his executors, who proved the will, a copy oí which was filed with the bill; that two of said bonds of $2,000 each, to-wit: one falling due April 1st, 1866, and one falling due April 1st, 1867, have been transferred to complainant; that there yet remain unpaid and due upon said *bonds the following amounts, to-wit: on the bond which became due on the 1st day of April, 1866, the sum of $828.51, with interest thereon from the 17th day of March, 1870, and on the bond which became due on the 1st day of April, 1867, the sum of $2,000, with interest thereon from the 1st day of July, 1870; that the personal estate of said David Armentrou! has been exhausted, and is insufficient to pay said debt due to complainant, who by reason of the lien retained in said deed, has a right to have it paid out of the proceeds of the sale of said land, lie therefore prays that, the widow, executors and devisees of said David Armentrout, be made defendants to said bill; that so much of said land as might be necessary should be sold for the payment of said debt, and for general relief.
Besides a copy of said will there were filed with said bill as Exhibit C, the said two bonds which were transferred to complainant, on each of which is endorsed an assignment in these words: “I assign the within to C. E. Kirtley, December 11th, I860. H. M. Foffland.” On the bond due in 1866 is also endorsed an assignment in these words: “For value received I assign the within to Abel Gibbons, April 18, 1861. C. F. Kirtley, pr. Alfred Welsh, agt.” And credits in these words: “Credits received April 16, 1866, by order on Joseph Andrew for sixty dollars. $100: Paid on within one hundred dollars, October 6, 1866. $100: Paid on within one hundred dollars, February 18, 1867. Credit, July 15, 1867, by $900. Credit by cash one hundred anti one dollars and thirty-six cents, April 1st, 1869. Credit as of July 1st, 1869, by $14.81 interest. Credit March 17, 1870, by $200, paid by B. F. Armentrout.” And on the bond due in 1867 is also endorsed an assignment in these words. “November 26, 1865. I assign the within note to Abel Gibbons, for value received. C. E. Kirtley, per Alfred Welsh.” And credits in these words: “Cr. by *cash one hundred and twenty dollars, April, 1869. By one year’s interest April 1st, 1868. Cr. by one hundred dollars July 30, 1870. Cr., Sept. 19, ’70, by $20.”
In July, 1872, on motion of the defendants. B. F. Armentrout, II. B. Armentrout and A. D. Armentrout, leave was given them to file their answers to said bill, which was accordingly clone, to which answers the replied generally.
In the joint answer of B. F. Armentrout and H. B. Armentrout, in their own right and as executors of David Armentrout, they say in substance, among other things, that they admit the truth of the allegations of the bill in regard to the conveyance of the said land to the said David Armentrout for the price payable as aforesaid, for which a lien was reserved in the deed, and in regard to his death and will and appointment of executors and their qualification. They say they believe his personal estate is sufficient to pay all his debts; “that said bonds of $2,000 each, falling due the 1st of April, 1866 and 1867, were assigned by H. M. Foffland to C. E. Kirtley, December 11, 1860, as was also the bond for $1,666.6644, falling due April 1st, 1868, as will appear from the endorsements on said bonds; and the endorsements show that the said two bonds were assigned to the complainant — the first on the 18th of April, 1861, the other on the 26th November, 1865 — ■ but whether these endorsements are correct or not, respondents do not know or admit, and call for proof thereof. The bond for $1,666.6644 was paid by respondent, B. F. Armentrout, as executor of David Armentrout, to C. F. Kirtley, the holder thereof, in different payments, the last of which was made on the 12th of May, 1869, as will appear from the bond and endorsements thereon, marked X, and filed with said answer. The bonds of $2,000 each, falling due in April, 1861, 1862, 1863, and 1864, were all paid by David Armentrout in his lifetime, and he made *some payments on the bonds falling due in 1865 and 1866. The bond falling due in 1865 was assigned to Z. Shirley and lost during the war, and since the war, as respondents believe, the said David Armentrout, at the instance of said Shirley, executed a new bond, being a duplicate of the original, in order that he might have evidence of the debt, but without any purpose of changing the debt or in any way affecting the rights or responsibilities of the parties, which bond is now held by said Shirley. It is true that a lien was reserved in the deed to said David Armentrout to secure the payment of all the bonds mentioned, and there could have been no difficulty in the payment of any of said bonds but for the fact that within the last few months one T. D. Collins has instituted a suit in this court, on the chancery side thereof, claiming that he held a prior lien on the said land for the sum of $1,204.93)4; with interest thereon from the 26th day of August, 1861, due by the bond of said H. M. and J. M. Foffland, executed to Mary K. Foffland, for the same land, and assigned to said Collins, which bond purports to be executed on the 26th day of August, 1856, and to be secured by a lien in the deed from Mary K. to H. M. and J. M. Foffland of the same date, all of which will fully appear from the record of said suit;” of which a copy is made a part of said answer. “Respondents do not admit that said debt of $1,204.93)4 and interest is a lien upon said land sold to David Armentrout but if it is (as seems most likely at present), they claim that the amount thereof must be deducted from the bonds of $2,000 now held by complainant and Z. Shirley, as the said David Armentrout in his lifetime, and respondents since his death, have paid all the residue . of the purchase money for said tract of land, without any knowledge or intimation of the lien of said Collins or any other lien thereon, the evidence of which was lost by the burning of the records *in 1864, and only accidentally discovered by complainant about the 1st of *216 January, 1871. Respondents since the death of their father had no means of knowing the existence of said lien (as the .records were destroyed), and they are satisfied that David Armentrout never knew of it in his lifetime.” “Respondents claim that as all the purchase money for said land has been paid in good faith and without notice of any prior equities or liens except the bonds held by complainant and Shirley, and as the said land was conveyed to said David Armentrout by deed with general warranty, if the lien of said Collins upon the land is established, the burden of it must fall upon complainant and Shirley, who stand in the place of their assignors, and no decree should be rendered against the land or these respondents until that question is decided, and if that lien is established, then respondents should receive credit on said bonds for the amount thereof, as the said H. M., J. M. and Mary Loffland are insolvent. Respondents further answer and say that a decree has been rendered in said suit of T. D. Collins v. Loffland, &c., by which the said land is ordered to be sold to pay to said Collins said debt of $1,204.93)4 and interest, a prior lien on said land,” as appears from the said copy of the said record, which is marked SS, and filed with the answer. Respondents insist that the existence of said prior lien constitutes a breach of the general'warranty of title in the deed for the same land from H. M. and J. F. Loffland to said David Armentrout, and the amount which^ has to be paid to extinguish the Collins’ lien is a good and legal offset against the bonds of said David given for said land, no matter in whose hands they are. Whatever was paid by David Armentrout in his lifetime, or by his executors since his death, was paid without the knowledge of the existence of the Collins’ lien, except certain small sums paid in 1871, without prejudice to &c.
*The answer of H. B. and 'A. D. Armentrout is to the same effect with the preceding.
By an order of the county court of Rockingham county, made in September, 1872, this cause was removed to the circuit court of said county.
There were filed with the answer of B. F. and H. B. Armentrout, as Exhibit X, the said bond for $1,666.66)4, with endorsements thereon in the words' and figures following, to-wit: “I assign the within to C. E. Kirtley, December 11, 1860. H. M. Loffland.” “Received payment in full, May 12. 1869. C. E. Kirtley.” And as Exhibit SS, a copy of the record of the said suit of T. D. Collins, plaintiff, v. H. M. Loffland, defendants.
The only evidence in the case was the deposition of -B. F. Armentrout, which was taken by consent of parties to be read as evidence in behalf of the defendants. He was one of the • executors and sons of the said David Armentrout. He testified, among other things, that he was familiar with his father’s business during the latter part of his life; he is satisfied H. M. Loffland has gone into bankruptcy, and believes Mary K. and J. F. Loffland are insolvent As far as he knows three of his father’s bonds given for said land remain unpaid. Mr. Abel Gibbons holds two of them, and Mr. Zack Shirley the other. When witness paid his father’s said bond for $1,666.66)4 he did not know and had not heard of any lien of T. D. Collins on said land, and first heard of it when process was served upon him in said Collins’ suit aforesaid, in January, 1871. Does not think his father, in his lifetime, had any knowledge of this Collins’ lien. His father died on the 3d of August. 1867. The amounts credited on the bond for $2,000, payable the 1st of April, 1866, were paid at the dates of said credits respectively. Those dated in the lifetime of his father were paid by him, except the $900 credited July 15, 1867, which was paid by witness for his father who was then sick. Being *asked by the plaintiff this question:
“The three unpaid land bonds, and the $1,666.66)4 bond were assigned by H. M. Loffland to Catharine E. Kirtley at the same time?” witness answered: “They were, so far as I know from the dates of the assignments endorsed on the bonds held by complainant, Abel Gibbons, and on the $1,666.66)4 bond, they were assigned at the same time. I have never seen the bond held by Z. Shirley.” And being asked by the same this question: “Do you know that the bond of your father which Shirley holds came to him from Loffland through Mrs. C. E. Kirtley?” he answered: “I think I heard Shirley say so.”
On the 11th day of October, 1872, the cause was heard on the said bill, answers, replication thereto, exhibits and evidence, when it was decreed-that the said executors of David Armentrout, out of the assets of their testator in their hands to be administered, do pay to the complainant $828.53. with interest thereon from the 17th day of March, 1870, and $2,000, with interest thereon from the 1st day of July, 1870, till paid, subject to a credit of $200 as of the 8th day of September, 1871, and his costs expended in the court below. And in case of default for sixty days in making such payment, the said land, or so much thereof as might be necessary, was decreed to be sold by commissioners appointed by said decree for the purpose, and in the manner and on the terms prescribed by said decree, which commissioners were directed to report their proceedings under said decree to the court.
From the said decree the sai.d executors and devisees of said David Armentrout obtained an appeal to this court. This court was of opinion, on the hearing of the cause, for reasons stated in writing and filed with the record, that the circuit court erred in disposing of the cause in the absence of Zachariah Shirley as a party, and therefore reversed and annulled the said decree, *with costs, and remanded the cause to the circuit court with instructions to that court to require the appellee, Gibbons,, to make said Shirle3r, or his personal representatives, parties to the cause, and to consider further the equity set up in the answer of Armentrout’s executors. The decision of *217 this court in the case is reported in 25 Gratt. 271.
After the cause got back to the circuit court, the said Gibbons filed an amended and supplemental bill in the case, charging that the bonds for $2,000 each, falling due on the 1st of April, 1866, and the 1st of April, 3867, and the bond for $1,666.66%, falling due 1st April, 1868. in the original bill mentioned, were assigned to Catharine E. Kirtley by H. M. Loffland, the obligee therein, on the 11th day of December, 1860; that the said bond falling due 1st April, 1866, was by said Kirtley on the 18th day of April, 1861, for value received, assigned to the plaintiff, and the said bond falling due 1st April, 1867, was also by her on the 26th day of November, 1865, assigned to him for value received. The bond of $1,666.66%, was not assigned by said Kirtley at all, but payment thereof was received by her on the 12th day of May, 1869, from the executors of David Armentroul. who had full notice of the rights of the plaintiff concerning the same. Said bond showed on its face that it was for the last deferred instalment of the price of said land purchased by David Armenlrout from H. M. Loffland, and the personal representatives of said David well knew it when they paid the same. Zachariah Shirley claims to be the holder of the bond for $2,000 falling due the 1st of April, 1865, and there is still a balance due thereon which is a lien on the said land, but what was the nature and extent of the rights of said Shirley, plaintiff did not know, though he claimed that his rights were superior to those of said Shirley in regard to the *same. C. E. Kirtley had died, and Francis W. Kirtley was her administrator, but her estate and that of H. M. Loffland are insolvent and worthless. The representatives of David Armentrout and Zachariah Shirley, and the administrator of Catharine E. Kirtley were made defendants to said bill, and there was a prayer for general relief.
In April, 1875, the death of said Shirley having been suggested, the cause was revived against the executors of said Shirley as such, and in their own right, who thereupon filed their answer, and therein stated in substance, among other things, that in the latter part of 1860, or early part of 1861, before the late war commenced, their testator purchased from C. E. Kirtley, who assigned to him for value received, a bond bearing date the 4th of April, 1860, for the sum of $2,000, falling due. the 1st of April, 1865, being given as one of the deferred pavments on the laud sold by J. M. and IT. M. Loffland to David Armentrout. on which land said bond was a lien, and which bond was assigned to C. E. Kirtley by H. M. Loffland; that during the late war said bond was taken by the federal forces and, as respondents believe, was subsequently lost or destroyed: that immediatelv after the war, in the spring of 1S65, the obligor in said bond, D. Armentrout, executed and delivered to respondents’ testator a bond bearing even date with the lost bond, and falling due at the same date, and for the same amount, expressing upon its face that it was so made in lieu of the said lost bond, and so delivered, without intending thereby to change or affect in any manner the rights or responsibilities of any of the parties; that immediately after said delivery, said testator, for value received, transferred to respondents, S. P. and Thomas J. Shirley, for their own use, the bond aforesaid, which is now for their use, and is subject to certain credits endorsed thereon, a copy of which bond and ^credits, marked X, is filed with the answer. And respondents claim priority over the plaintiff in a right to satisfaction of said bond out of said land or the proceeds of sale thereof.
In the same month, April, 1875, the executors of David Armentrout answered said amended and supplemental bill. They admit that C. E- Kirtley and H. M. Loffland are insolvent, and they insist, as they did in their answer to the original bill, that the lien of Collins, which was unknown to them or their testator, and which they have been compelled to pay by decree of court, is a good and valid offset in their hands against the bonds of their testator given for said land, no matter in whose hands they are, and that respondents are therefore entitled to credit for the amount of said Collins’ debt on the bonds held by complainant and said Shirley or his assignees, no matter how those parties may be entitled inter sese.
The only evidence in the case upon the amended and supplemental bill is the deposition of Alfred Welsh, which was taken in behalf of the plaintiff. He testified, among other things, that he lived with Mrs. C. E. Kirtley, and attended to all her business from September. 1852, until the 1st of January, 1866. He assigned to Abel Gibbons on the 18th day of April, 1861, by the express authority of Mrs. C. E. Kirtley, the bond of David Armentrout to Henry M. Loffland, dated on the 4th of April, 1860, and payable on the 1st of April, 1866; and he assigned to said Gibbons on the 26th day of November, 1865, by like authority, a bond for same amount and same date, of same obligor to same obligee, and payable on the 1st of April, 1867; which bonds and the endorsements thereon are exhibited with the answer.
On the 15th day of June, 1876, the cause was again heard upon the papers formerly read, the decrees and orders before made in the said county and circuit courts, *the decree of the court of appeals, the amended and supplemental bill, answers thereto and replications to the same, and the deposition last aforesaid; when it was decreed that the said executors of David Armentrout, out of the assets of their testator in their hands to be administered, do pay to S. P. Shirley and Thomas J. Shirley the sum of $1,729.92, with interest thereon from the 3d of November, 1871. till paid; and to Abel Gibbons $813.76. with interest thereon from the 17th of March, 1870, till paid; and the further sum of $2.00t>, with interest thereon from the 1st of July, 1870. till paid, subject, however, to crech't for $200 as of the 8th of September, 1S71, *218 and $100 paid 1st January, 1875, and his costs. And in case of default for sixty days in making such payments, so much of the said land as may not have been sold in the chancery cause of Collins v. Loffland, &c., to satisfy the Collins’ lien as may be necessary to satisfy this decree, was decreed to be sold by commissioners appointed by said decree for the purpose, and in the manner and on the terms prescribed by said decree; which commissioners were directed to report their proceedings to the court.
From the said dec'ree the said executors and devisees of David Armentrout obtained an appeal to this court.
1. The court is of opinion that the land conveyed by James M. and H. M. Loffland to David Armentrout, by deed with general warranty, bearing date the 4th day of April, 1860, being, at the time of such conveyance, subject to a vendor’s lien for $1,204.9354. with interest thereon from the 26th day of August, 1861, due by the bond of said H. M, and J. M. Loffland, executed to Mary K. Loffland for the same land, and assigned to T. D.. Collins, which bond purports to be executed on the 26th day of August, 1856, and to be secured by a lien in the deed from Mary K. Loffland to said H. M. . and *J. M. Loffland of the same date, the said David Armentrout was entitled to a credit on account of the purchase money due by him as vendee of the said land for the said sum of $1,204.9354. with interest as aforesaid.
2. The court is further of opinion, that this right of set-off of the said sum of money and interest as aforesaid could not be defeated or impaired by' assignment of the bonds of the said vendee for the purchase money, at least without his consent, as such assignee would be entitled to such bonds, only subject to all defences, legal or equitable, to which the obligor was entitled against the obligee.
3. The court is further of opinion, that the liability of such assigned bonds to such right of set-off is not in the order in which said bonds are payable, but in the inverse order of their assignment (preferring such assignments as are for value to such as are not), and that if some of the said bonds were assigned and some were not, the unassigned bonds would be liable to said right of set-off before the assigned bonds, even though the former were payable before the latter.
4. The court is further of opinion, that the said land remained liable in the hands of the said vendee to the said vendor’s lien for the said sum of $1,204.9354 and interest _ as aforesaid, notwithstanding the destruction of the record of the deed in which said lien was reserved, and notwithstanding the said David Armentrout, or his personal representatives, may have paid the full amount of the purchase money and interest agreed to be paid by him without actual knowledge of the existence of such lien at the time of such payment; the due recordation of the deed in which said lien was reserved being constructive notice to him and them of the existence of such lien, and just as operative and effectual in preserving it against him and them as actual notice of its existence would have *been, or as if there had been no such destruction of the said record.
5. The court is further of opinion, that if the said David Armentrout received notice of the assignment to C. E. Kirtley of his bonds to Henry M. Loffland for $2,000, payable on or before the first day of April, 1865; $2,000, payable on or before the first day of April, 1866; $2,000, payable on or before the first day of April, 1867; and $1,666.6654, payable on or before the first day of April, 1868, before he paid the bonds of $2,000 each, falling due in April, 1861, 1862, 1863, and 1864, respectively, in the proceedings mentioned, then such payment, to the extent of the said sum of $1,204.9354, with interest as aforesaid, was a payment in his own wrong, and there is no error in the decree appealed from; but if he received no such notice before such payment, then there is error in the said decree in not affording him relief to the extent of said last mentioned sum of money and interest,' and in not decreeing against him only the balance of the purchase money due by him after giving him credit for said sum of money and interest.
6. The court is further of opinion, that the said David Armentrout did receive such notice before he made such payment. The record shows that the four bonds of David Armentrout to H. M. Loffland, dated April 4, 1860, payable, one of them, on the 1st day of April, 1865, for $2,000, one on the 1st day of April, 1866, for $2,000 and one on the 1st day of April, 1867, for $2,000, and one on the 1st day of April, 1868, for $1,666.6654, were all assigned by H. M. Loffland to C. E. Kirtley on the same day, to-wit: December 11, 1860, the assignment on each being in precisely the same' words an.d figures, to-wit: “1 assign the within to C. E. Kirtley, December 11, 1860. H. M. Loffland.” It.appears that the said C. E. Kirtley assigned the said bond for $2,000, payable the 1st of April, 1865, to Zachariah Shirley in *the latter part of the year 1860, or the early part of 1861; the said bond for $2,000, payable the 1st of April, 1866, to Abel Gibbons, April 18, 1861; the said bond for $2,000, payable the 1st of April, 1867, to Abel Gibbons, November 26, 1865, per assignments endorsed on the said bonds, respectively — certainly on the last three which are in the record, and no doubt on the first also, though that is not in the record, having been lost during the war and replaced afterwards by another bond executed by David Armentrout, and substituted to the place of the one which was lost. There can be no doubt but that the said David Armentrout was informed of the said assignments very soon after they were made, respectively. The assignees, for their own protection, would be apt to give such information. Besides renewing the said bond assigned to Shirley, the said David Armentrout, in his lifetime, made payments on account of that bond, and the said bonds *219 assigned to Gibbons, which shows that he knew of the said assignments. The said payments are credited on the said bonds, respectively. That the assignments by C. E. Kirtley to said Gibbons were made at their dates, respectively, is proved by a witness in the cause, Alfred Welsh, who lived with and acted as agent for said C. E. Kirtley, during the period of the said transaction. At the death of the said David Armentrout, to-wit: on the 3d day of August, 1867, the said bonds assigned to Shirley and Gibbons, respectively, by C. E. Kirtley, remained unpaid in the hands of said assignees; and there remained in the hands of the assignor, C. E. Kirtley, the bond for $1,666.66%, payable the 1st day of April, 1868, on account of which it appears that nothing had been paid. The amount of that bond was paid in full to C. E. Kirtley by David Armentrout’s executors on the 12th of May, 1869, per receipt endorsed by her upon tbe bond. B. F. Armentrout, a son, and one of the executors of David Armentrout, *and a witness in the case on behalf of said executors, being asked: “Did you have any reason for paying the $1,666.66% in full, while you only made small payments upon the others?” that is, upon the bonds assigned to Shirley and Gibbons, respectively, as aforesaid, answered: “Nothing more than Mrs. Kirtley seemed to stand in need of it, said she needed it, wanted it, while Mr. Gibbons and Shirley only seemed to want the interest.” The defendants, the executors and devisees of David Armentrout, do not deny that the assignments of said bonds were made at the times at which they purport to have been made, or that due notice of said assignments was not given to their testator. On the contrary, they say in their answer: “Respondents believe that said bonds of $2,000 each, falling due the 1st of April, 1866 and 1867, were assigned by H. M. Éoffland to C. E. Kirtley, December 11, 1860, as was also the bond for $1,666.66%, falling due April 1, 1868, as will appear from the endorsements on said bonds, and the endorsements show that the said two bonds were assigned to the complainant, the first on the 18th of April, 1861, the other on the 26th November, 1865, but whether these endorsements are correct or not, respondents do not know or admit, and call for proof thereof. This is all the denial of the said assignments or notice thereof contained in the answers, and this is much more than weighed down by the circumstances before stated, tending to show that such assignments were in fact made as they purport to have been, and that the obligor was duly and promptly informed thereof. Certainly the bond for $1,666.66% was subject to the set-off in question in preference to and in exoneration of the said bonds _ assigned to Shirley and Gibbons as aforesaid, and the amount of said bond was about equal to the amount of said set-off. The payment of that bond in full by the executors of said Armentrout, leaving the said set-off unpaid, would, ^therefore, of itself, subject the estate of said Armentrout to liability for the amount of said bonds assigned to Shirley and Gibbons free from any deductions on account of said set-off, even if the payment by said Armentrout of said bonds of $2,000 each, payable the 1st of April, 1861, ’2, ’3 and ’4. as aforesaid, would not have that effect, as w'e think we have shown that it would. The executors of said Armentrout doubtless did not in fact know of the existence of said set-off when they paid said bond of $1,666.66%, or they would not have made such payment if they had supposed that they might thereby subject the estate of their testator to liability for the amount of said set-off. But their testator and themselves were chargeable with constructive notice of said set-off by reason of the recordation of the lien as aforesaid, and the liability of said estate resulted from such notice.
7. The court is therefore of opinion that there is no error in the decree appealed from, and that the same ought to be affirmed.
But it is proper to notice in this opinion another assignment of error, being the one secondly and lastly assigned in the petition for an appeal: that “the circuit court erred in decreeing a sale of the land of David Armentrout. deceased. The personal estate of said Armentrout is ample to satisfy the debts, including the amount of said decree, and should be first exhausted ”
There was a decree for the payment of said amount by the executors of David Armentrout out of the assets of their testator, if any, in their hands to be administered. Tt was certainly not necessary that the appellees, Shirley and Gibbons, assignees of the bonds of Armentrout, should have a settlement' of an account of the personal estate of said Armentrout for the purpose of exhausting the same in the payment of his debts before *they could enforce the charge reserved on the said land for the payment of the purchase money as aforesaid. There is a specific lien on said land for said purchase money in virtue of said charge, which is just as valid and effectual as would have been a deed of trust on the land to secure said purchase money. Had there been such deed of trust, certainly the land could have 1 een sold under the deed for the payment of the purchase money without any necessity for first exhausting the personal estate in endeavoring to enforce such payment, and could have been so sold either in the lifetime of the debtor or after his death. For the same reason and on the same principle precisely may an express charge reserved upon the land, as in this case, be enforced specifically against it, without any such necessity for first exhausting the personal estate in endeavoring to obtain payment from that source of the amount of such charge. Whatever claim heirs or devisees may have against the personal estate for indemnity on account of the enforcement of such a charge against real estate, descended or devised, or even before such enforcement, and on the principle of quia timet, certainly a party in whose favor such a specific charge is expressly reserved cannot be delayed in the enforcement of such charge by being compelled first to exhaust *220 his remedy against the personal estate of the debtor as a general creditor to the amount of the charge. He has a specific lien on the land, but none on the personal estate, in regard to -which he is'only a general creditor. The advantage of his position as a specific lienor is, that he may enforce his specific lien ■without being necessarily involved in a settlement of the general estate of the debtor among his creditors, devisees and legatees.
The court is therefore of opinion that the circuit court did not err in regard to the matter of the second and last any more than in regard to the matter of the first Assignment of error, and that the decree appealed from must be affirmed. The following authorities may be referred to as having a material bearing upon this case, most of which were cited in the argument, and some of which have been since decided, viz: Taylor’s adm’r v. Spindle, 2 Gratt. 44; McClintic v. Wise’s adm’rs, 25 Id. 448; Gordon v. Fitzhugh, 27 Id. 835; Burwell’s adm’r v. Fauber, 21 Id. 446; Long v. Weller’s ex’ors, 29 Id. 347; Justis, &c., v. English, &c.. supra, p. 565.
STAPLES, J., dissented.
Decree affirmed.