## Wytheville.

### KANE, FOR, &C. V. MANN.

#### JUNE 25, 1896.

#### Absent, Harrison, J.

1. CHANCERY PRACTICE.—*Suit by Judgment Creditors—Rents and Profits—Consent of Wife to Rent out her Lands.*—Upon a creditors' bill to subject lands of a debtor to the payment of the lien of judgments thereon, the debtor cannot, by any agreement with his wife, who is in nowise bound for said judgments, and not a party to the suit, have the rents and profits of her lands considered in an estimate to ascertain whether the rents and profits of his lands for five years will pay and satisfy such judgments.

2. CHANCERY PRACTICE—*Bill by Judgment Creditors—Petition—Vendor's Reserved Lien—Rents and Profits—Decree for Sale.*—Upon a bill filed by a judgment creditor, suing on behalf of himself and all other lien creditors of the defendant, a creditor holding a vendor's reserved lien on a part of the lands of the defendant may come in by petition, and assert his lien, and it is immaterial whether the rents and profits of that and other lands of the vendee will, within five years, pay and satisfy the amount of such lien. He is entitled to a decree for the sale of the land on which he has a vendor's lien, although he may also have a judgment for the amount.

Appeal from a decree of the Circuit Court of Scott county, pronounced June 27, 1894.

*Reversed.*

This was a bill filed by "Henry S. Kane, who sues for the benefit of J. H. Hicks and such other lien creditors of Jno. A. Mann as shall come in, take part in and share the costs of this suit" against the said Jno. A. Mann, for the

purpose of subjecting the real estate of the defendant to the
the payment of liens thereon.   The bill sets forth a judgment
recovered in the name of H. S. Kane for the benefit of J.
H. Hicks for the sum of $1,600, and charges that the defend-
ant is seised of certain real estate, described in the bill,.
situate in the town of Gate City, and that the rents and
profits of such real estate " will not, in five years, satisfy
the judgment lien upon the same."   The prayer of the bill
is for an account of liens on the real estate mentioned in
in the bill, and for a sale thereof to pay the liens.

   The defendant did not demur, but answered the bill ad-
mitting that he owed the judgment mentioned in the bill
" and a few other liens," and averred that he owned other
valuable real estate situated in Scott county and in Wise
county, Virginia, and that the rents and profits for five years
on *all* of his real estate would pay all of the liens thereon.

   The case was thereupon referred to a commissioner to take
an account of liens, and of the rents and profits of the real·
estate mentioned in the bill.   The commissioner returned a
report showing two judgments against the defendant—one,
the judgment mentioned in the bill, and the other a judg-
ment in favor of H. S. Kane, for upwards of $1,400.   He also
reported that both judgments were recovered on bonds given
for the purchase money of the land in the bill mentioned,
and that the lands of defendant " will discharge said liens in
five years."   The complainant excepted to the report of the
commissioner because he had taken into consideration the
rental value of lands of defendant located in Wise county.
This exception was overruled, and a decree entered confirm-
ing the report of the commissioner and directing the defend-
ant's land to be rented out for " the shortest period, not to
exceed five years, that will satisfy the several liens reported."
During the same term, the complainant filed a petition to
rehear the decree above mentioned, and correct an error of
$100 in the calculations of interest by the commissioner, but

no reference is made to the fact that the complainant had a vendor's lien, and no complaint made of the decree to rent.

After the adjournment of the court, Henry S. Kane filed his petition in the clerk's office of the Circuit Court of Scott county, setting forth the pendency of the suit and the object thereof, and charging that both of the judgments aforesaid were recovered for the purchase money of the real estate in the bill mentioned, and filing a copy of a deed from H. S. Kane and wife to John A. Mann, reserving a lien for $4,000. The petition avers that the $1,600, for which complainant had a judgment, was a part of this $4,000, and petitioner's judgment was the residue. The prayer of the petitioner is "that your petitioner be made a party plaintiff with the said H. S. Kane for the use and benefit of J. H. Hicks in said suit; that on a hearing your Honor will decree a sale of said lot *aforesaid,*" and for general relief. The defendant excepted "to filing of this petition to sell the lands, as the former pleadings in this cause *do* not justify a decree to sell, and it is not equity for plaintiffs, after, by their own pleadings, calling for accounts, and running up a bill of costs of two accounts, which were unnecessary to enforce a vendor's lien, and they should not be allowed to sell land at this late day."

Upon the petition a summons was sued out returnable to rules, and executed on the defendant. The entry at the first rules was "petition filed and decree *nisi* in form," and at the second rules, "decree *nisi* confirmed in form and petition set for hearing."

The commissioner filed an amended report, in which he again reports the judgments formerly reported by him, with interest calculations corrected, and states: "From the agreement between J. A. Mann and wife, filed herewith, which is recorded, and depositions filed herewith, your commissioner thinks that all the lands of J. A. Mann would rent for a sum sufficient to discharge said liens in five years, all which is respectfully submitted."

The agreement referred to is as follows:

"This is to certify that I, Julia A. Mann, wife of J. A. Mann, of Scott county, Virginia, for and in consideration of the love and affection that I have for my said husband, and for the purpose of aiding him in paying his indebtedness, I do by these presents agree to the renting of my interest in the lands owned by me in Wise county, known as the Childress farm in the Glades, and the Bruce farm on Guest river; said land to be rented in the suit of H. S. Kane for himself and J. H. Hicks vs. John A. Mann now pending in the Circuit Court of Scott county, Va.; and I hereby transfer said land to the said John A. Mann for the purpose of being rented in said suit only, and bind myself and heirs to abide by said renting of the same as decreed by said court to be rented, in witness whereof I have hereunto set my hand and seal, this the 22d day of May, 1894.

JULIA MANN, [Seal.]

"Virginia, Scott county, to-wit:

"I, N. M. Horton, deputy clerk of the County Court for the county and State aforesaid, do certify that Julia Mann, whose name is signed to the writing above bearing date on the 22d day of May, 1894, has acknowledged the same before me in my county aforesaid. Given under my hand this 23d day of May, 1894.

N. M. HORTON, D. C."

No exception was filed to the report of the commissioner, and at the succeeding term of the court, the cause coming on to be heard on the papers formerly read, "the petition of Henry S. Kane properly filed and matured," and said commissioner's report, the court confirmed the report of the commissioner, and directed the lands of the defendant to be

rented to pay the judgments.    From this decree the present
appeal was allowed.

*R. R. Kane,* for the appellant.

*George A. Ewing,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from the Circuit Court of Scott county,
and the case presented is as follows: J. H. Hicks, in the
name of his assignor, H. S. Kane, on his own behalf and
such other lien creditors of John A. Mann as might become
parties to the suit on the usual terms, filed his bill to enforce
the payment of a judgment obtained by the plaintiff against
the defendant in the Circuit Court of Scott county for $1,600,
with interest and costs.    The bill alleged that the defendant
was seised and possessed of a valuable lot, with improvements
thereon, situated in the town of Gate City, Scott county,
conveyed to him by H. S. Kane; that the judgment had been
duly docketed, and was due and unpaid; that the rents and
profits of this property would not in five years satisfy the
judgment liens upon it; and that the plaintiff was entitled
to have the lot sold to satisfy his own and the other liens
thereon.

The prayer of the bill was that a commissioner of the
court be directed to ascertain the liens on the property de-
scribed in the bill, and their priorities; that the court decree
a sale of the property to satisfy the plaintiff's judgment, and
grant him general relief, &c.

The defendant, at the November term of the court, 1893, filed
his answer, in which he admitted that he owed the debt in
the bill mentioned and a few other liens, and alleged that,
while he owned the house and lot as in the bill mentioned,
he also owned other valuable property in Scott county, and

in Wise county, Virginia, and that his real estate would rent
for a sufficient sum in five years to pay all of his indebted-
ness, &c. The cause was referred to a commissioner "to
take and state an account showing the liens and their prior-
ities against the land in the bill mentioned; also whether or
not this property would rent for a sufficient sum in five years
to pay the indebtedness of the defendant." The commis-
sioner made report to the March term, 1894, stating the liens
on the property in their order of priority, viz.: first, a judg-
ment in favor of H. S. Kane, in his own right, for 4,000,
with interest and costs, subject to certain credits named; and
second, judgment in favor of said H. S. Kane, for the benefit
of J. F. Hicks (the plaintiff), for $1,600, with interest and
costs, and that these judgments were obtained on bonds exe-
cuted for the purchase price of the property in the bill men-
tioned, and a vendor's lien retained for same in the deed of
conveyance. He also reported that, upon the testimony of
one witness, S. R. Mann, the lands of the defendant would
discharge the liens reported in five years. From the depo-
sition of the witness, S. R. Mann, it appears that the esti-
mate made by the commissioner of the rental value of the
defendant's property included the rental value of property
situated in both Scott and Wise counties, and it turned out
afterwards that part of this property belonged to the defend-
ant's wife, and not to him. The plaintiff excepted to this
report on the ground that, in ascertaining the rental value
of the defendant's lands, the commissioner considered and
reported the rental value of lands owned by the defendant
*lying in Wise county,* of which the court should not take ju-
risdiction. This exception was properly overruled.

The decree of the court, then made, confirmed the report
of the commissioner, and directed the lands in the bill and
report mentioned to be rented out for a period not exceed-
ing five years to satisfy the liens reported, costs, &c., but at
the same term of the court, upon the petition of H. S. Kane,

this decree was set aside for errors apparent on the face of the report of the commissioner, and the report recommitted to him to be corrected and revised, and to report any other matter deemed pertinent, or required by either party.

On May 10, 1894, H. S. Kane, in his own right, filed in the clerk's office of the Circuit Court of Scott county his petition setting forth his judgment lien on the property of the defendant, J. A. Mann, mentioned in the bill in this cause; that his judgment was obtained (as reported by the commissioner) on a bond executed to him by the defendant for the balance of the purchase money due on the property described in the plaintiff's bill, and that the $1,600 assigned to Hicks, and on which this suit was brought, is a part; that a vendor's lien was retained on the face of the deed from petitioner to the defendant to secure the payment of the balance of the purchase money, and this deed of conveyance is made a part of the petition.

The prayer of this petition is that petitioner be admitted as a party plaintiff to this suit; that John A. Mann, the defendant to the original bill, be made party defendant to the petition; that a decree of sale of the lot of land in the bill of complaint and the petition mentioned and described, situated in Gate City, Scott county (upon which plaintiff and petitioner have both a judgment and vendor's lien) be sold, and that such other and further relief be afforded petitioner as might seem just and the case require; that process issue, &c.

Process was issued and duly served on the defendant, Mann, and the cause matured for hearing on the petition and exceptions of defendant to the filing of the petition.

In the meantime Commissioner Edmonds filed his corrected report, setting forth correctly the amounts due on the respective liens reported by him in his former report, and repeated his former statement that these liens were secured by a vendor's lien reserved on the property sought to be

subjected to their payment, and the report concludes with the statement that " From the agreement between J. A. Mann and his wife, filed herewith, which is recorded, and depositions filed herewith, your commissioner thinks that all the lands of J. A. Mann would rent for a sum sufficient to discharge said liens in five years," &c.    The agreement referred to is an agreement between J. A. Mann and Julia Mann, his wife, entered into May 22, 1894, in which the latter, in consideration of love and affection, agrees that her interest in the lands in Wise county, for the purpose of paying her husband's indebtedness, might be rented in this suit of " H. S. Kane for himself and J. H. Hicks v. J. A. Mann," and the agreement, which is signed by her and acknowledged before a notary, but not recorded, purports to transfer the land to her husband.

The decree appealed from brought the cause on to be heard " upon the papers formerly read, the petition of H. S. Kane properly filed and matured, and the report of the commissioner, E. M. Edmonds," and proceeded to confirm the report in all things, and to decree that H. S. Kane, in his own right, recover of the defendant, J. A. Mann, the amount of the debt and costs reported in his favor by the commissioner; that he recover the debt and costs also reported in his favor for the benefit of J. H. Hicks; and that the commissioner of the court appointed for the purpose proceed to rent out for the shortest period, not exceeding five years, that would satisfy the liens reported, costs of suit, and of renting, the lands of the defendant in the bill and report of Commissioner Edmonds mentioned, and which included the lands of Mrs. Mann, the wife.

Section 3571 of the Code provides: " If it appear to the court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree the said estate, or any part thereof, to be sold *    *    *    *    *"

It is difficult to perceive how this statute, which is the only authority for renting out real estate of the judgment debtor, can be construed so as to authorize the renting of the real estate of Mrs. Mann, the wife, to satisfy the liens on her husband's property asserted in this suit. She was not a party to the suit, and the liens asserted were in no sense a lien upon her real estate, and could not be made so by the agreement between her and her husband.

But upon another ground the decree of the lower court is erroneous. This was a suit on behalf of the plaintiff and all other lien creditors of the defendant, J. A. Mann, who would make themselves parties upon the usual terms, and the petitioner, H. S. Kane, had a right to file his petition and become a party plaintiff in the cause, for the purpose of enforcing his lien upon the property sought to be subjected to the lien asserted by the plaintiff. There was no valid reason for his being driven to a separate suit, against the policy of the law to avoid multiplicity of actions. 1 Bart. Chan. Pr. 341–2; *Belton* v. *Apperson*, 26 Gratt. 207. At all events, the petition of Kane in his own right was brought on by the decree as properly filed and matured; and this was equivalent to leave of the court to file it, and in effect overruled, and properly, we think, the objection of the defendant to its being filed. The petition sets out fully the lien of petitioner's judgment on the property of the defendant, and also the vendor's lien, to secure the debt upon which the judgment was obtained. And even if the original bill did not make a case upon which the vendor's lien could have been enforced, which is by no means conceded, the petition of Kane in his own right, supported by the report of the commissioner in the cause, did, and the court having taken jurisdiction, it should have done complete justice between the parties and given full relief. It is well settled that where a court of equity has once acquired jurisdiction of a cause on equitable grounds, it may go on to complete adjudication, even to

establishing legal rights and granting legal remedies that would otherwise be beyond the scope of its authority. *Beecher* v. *Lewis*, 84 Va. 630; and *Walters* v. *Bank*, 76 Va. 12.

The taking of a judgment at law does not abrogate or defeat a vendor's lien to secure the debt. 2 Jones on Liens, (2d ed.), sec. 1098; *Coles* v. *Withers et als.*, 33 Gratt. 186; *Armentrout's Exo'r* v. *Gibbons*, 30 Gratt. 632.

In the last named case this court held that such a lien constituted a specific charge upon the land as valid and effectual as a deed of trust or mortgage, and in the case of *Smith* v. *Henkel et als.*, 81 Va. 524, it was held that the enforcement in equity of a retained vendor's lien is a matter of right. See also *Ayers* v. *Robbins*, 30 Gratt. 115.

The decree of the Circuit Court will be reversed and annulled, and the cause remanded for further proceedings to be had therein in accordance with this opinion.

*Reversed.*