KIRSCHBAUM *et al.*

*v.*

COON.

(*Supreme Court of Appeals of Virginia, Sept. 17, 1896.*)

[25 S. E. Rep. 658.]

**Vendor and Purchaser—Bill to Rescind—Equity—Retention of Jurisdiction—Account.**

On a bill by a vendee to rescind a contract to purchase land because of the vendor's refusal to convey after full payment of the price, it was asked that the vendor be required to refund the price, together with the moneys expended by complainant for the benefit of the property, including taxes thereon paid by him. Defendant denied full payment of the price, and showed a certain balance due by him, for which he asked a decree against complainant, offering to execute a deed on payment thereof. Upon a hearing on the pleadings and exhibits, the bill was dismissed, without prejudice, however, to complainant's right to sue for specific performance on payment of the balance of the price: *held*, that the dismissal was error, since, having taken jurisdiction, the court should have had an account taken, and given the parties full relief.

**Same—Case at Bar.**

A contract for the sale of an undivided one-ninth interest in land in which the vendor retained an interest provided for a conveyance free of incumbrances, but after its execution the vendee authorized the vendor to take a loan on the property for the purpose of erecting a building thereon. A part only of the loan, however, was used in the building, the balance being applied by the vendor to discharge previous incumbrances on the land: *held*, that the vendee was entitled to a conveyance on payment of the price, upon assuming payment of one-ninth of that part of the loan only which was used in the building, though the vendor credited him, as having paid it on the price, with one-ninth of that part of the loan used in discharging the prior incumbrances.

Appeal from hustings court of Roanoke; John W. Woods, Judge.

Bill by Ab Kirschbaum and others, partners as Ab Kirschbaum & Co., against J. W. Coon, for rescission of a contract of sale of real estate and for an accounting.    From a judgment dismissing the bill, complainants appeal.    Reversed.

*Phlegar & Johnson* and *Wright & Hoge,* for appellants.

*Penn & Cocke,* for appellee.

CARDWELL, J., delivered the opinion of the court.

The appellee, J. W. Coon, owned, with S. J. Green and B. Blanton, certain real estate with some improvements thereon, situated on Campbell street and Salem avenue in the city of Roanoke, each of the parties owning a one-third undivided interest in the property.    In August, 1890, Coon sold to A. J. Sims  a  one-ninth interest in this property for the sum of $3,333.33⅓, upon the terms of one-fourth of the purchase money to be paid in cash, and the balance in three equal annual installments ; Coon entering into a written contract with Sims at the time whereby he agreed to convey this one-ninth interest to Sims free from all incumbrances when the whole of the purchase money was paid.    Sims made the cash payment and sundry payments thereafter on account of the deferred payments, and on the 14th of September, 1893, he conveyed the interest in this property purchased of Coon to Ab Kirschbaum and others, composing the firm of Ab Kirschbaum & Co. The deed of conveyance from Sims to Ab Kirschbaum & Co., after reciting that the property conveyed was the same that Sims purchased from Coon, contains the following provisions : "And whereas, the said J. W. Coon has, since the purchase of the said one-ninth interest by said Sims therein, placed a loan on said property for the purpose of erecting a new building

thereon, but said Sims claims that he is not legally bound therefor : Now, in the event that said J. W. Coon shall establish the fact that said loan is just, and is an incumbrance on said property, and that he was authorized to place said incumbrance on said property under his contract with said Sims, then said parties of the second part hereby assume, as testified to by their acceptance of this deed, to pay whatever of said incumbrances said Sims may be liable for.'' Shortly after obtaining this deed, Ab Kirschbaum & Co. filed their bill of complaint against Coon in the hustings court of the city of Roanoke, averring that Sims had paid the whole of the purchase money due to Coon, as shown by receipt made exhibits with the bill, but Coon had refused to convey the one-ninth interest in the property to the complainants ; that Coon, without the knowledge or consent of Sims, removed the buildings on the property situated on Campbell street, and also without the knowledge or consent of Sims had borrowed the sum of $7,500, and erected a three-story brick building on this lot, securing the loan by a trust deed thereon ; that this sum of money to a considerable extent was used by Coon in the payment of prior incumbrances on the property due by Coon, and not by Sims ; that the building erected did not cost as much as claimed by Sims, and that some portion of the money was also used by Coon in the payment of charges or expenses for which Sims was in no way bound ; that Coon had received rents from the property for which he refused to account, although complainants had demanded of him an account of not only the rents, but showing the disbursements of the money received by him on the loan secured on the property, etc.  The prayer of the bill is that the contract of sale to Sims be rescinded, and Coon be required to refund to the complainants the purchase money paid by Sims on his purchase, with legal interest ; that Coon be required to refund also all the money paid by Sims in taxes or insurance on the property, or in any way expended for the benefit of the property, the complainants offering to refund all rents received by Sims

from the property, and to execute to Coon a release of all their claim upon the property by reason of their deed from Sims when Coon shall have paid back to them the purchase money paid to him by Sims, etc.; and that the cause be referred to one of the commissioners of the court to take an account of the matters and things stated in the bill, etc. Coon answered this bill, admitting the contract made with Sims, but denying emphatically that Sims had paid the whole of the purchase money for the one-ninth interest in the property sold to him, and enters into an explanation of the receipts exhibited with the complainants' bill, filing with his answer a statement of the rents and collections from the property, and showing the expenditures of money for the new building and other expenses connected with the property, and finally claims that Sims owed him on the purchase money a balance of $661.95, with interest from the 10th of July, 1893. The respondent further admits that he· was bound by his contract with Sims to convey to him a good title to the interest in the property sold him, free from all incumbrances, when the whole of the purchase money therefor was paid; but with reference to the incumbrance put on the property by the respondent and his co-owners, Green and Blanton, after the sale to Sims, respondent says that: "After it was determined that it would be wisest to borrow the sum of $7,500, pull down the buildings on the property, and erect a new one in their stead, in order that the rents for the same would yield a fair return on the cost of the entire property, he obtained the consent of Sims, to whom the proposed investment was entirely acceptable." With this part of his answer respondent makes the statement as to how the loan of $7,500 was expended, and by this statement it appears that $3,463 of this sum was used in the payment of a balance due on the purchase money for the entire property, for which respondent, Coon, as he admits, is responsible, and not Sims; but claims that Sims had been credited by respondent for one-ninth of the loan secured on the property, so far as it was used to pay off the

prior liens on his purchase money due for the one-ninth interest sold him. It was asked by respondent that his answer be read as a cross bill, and that a decree be awarded him against the complainants for the sum of $661.95, the amount he claims that was due from Sims on his purchase, with interest from the 10th day of July, 1893 ; and respondent offered to execute a deed to the complainants for the one-ninth interest in the property when this sum, with interest, was paid, and the complainants assumed the payment of one-ninth of the $7,500 secured on the property. To this answer the complainants filed a general replication, and the cause was heard on the bill and the exhibits therewith, the answer of the defendant, and the general replication of the complainants thereto ; whereupon the hustings court of Roanoke dismissed the bill at the costs of the complainants, but without prejudice to their rights to bring a suit for the specific performance of the contract between Coon and Sims when the balance of $661.95, with interest, as claimed by Coon, was paid by the complainants. From this decree an appeal was obtained to this court.

The court below having taken jurisdiction of this case, it should have done complete justice between the parties, and given full relief. Rison v. Moon, 91 Va. 384, 22 S. E. 165 ; Kane v. Mann, 24 S. E. 938, 93 Va. —. The case should have been referred to a commissioner to make the inquiries and to state the accounts called for by the bill, and, before the court proceeded by its decree to fix the amount of purchase money due to Coon from Sims or the complainants, there should have been a full and complete account of the transactions between Coon and Sims. This seems to be conceded by counsel for appellee. In the answer of the defendant he does not claim that Sims authorized the loan on the property for any other purpose than the erection of the building thereon ; therefore neither Sims nor his assignees, the complainants, could be held responsible for the incumbrance put on the property, as to which Sims never consented, and it is not sufficient for Coon to say that, while it

is true that he owed this incumbrance, he had given Sims credit for one-ninth of the money not used in the erection of the building, but in the payment of the prior debts secured on the property. To the extent that Sims consented to the incumbrance on the property he and his assignees are bound for the payment of one-ninth thereof, and for a like proportion of all proper charges and expenses incurred in making the loan, but beyond this they are not bound ; and upon the payment of the whole of the purchase money that may be found to be due to Coon from Sims the complainants are entitled to a conveyance from Coon of one-ninth interest in the property in question free from all incumbrances, except in so far as Sims had authorized the incumbrance ; and, if Coon cannot convey such a title, then the complainants would be entitled to a rescission of the contract of sale entered into between Coon and Sims, and to have refunded to them by Coon the money paid by Sims on his purchase, with interest from the date of the payment. For the foregoing reasons, the decree of the hustings court of Roanoke is reversed and annulled, and the cause will be remanded for such further proceedings therein as may appear proper in accordance with this opinion.

HARRISON, J., did not sit in this case on account of absence.