# E. ERICKSON

## *v.*

## MARGARET RAFFERTY.

1. MISTAKE — *subsequent purchasers — when chargeable with notice.* Where land in a mortgage was, by mistake, described in the mortgage as being on section 18, instead of on section 21, and the mortgage was so recorded, and a brother of the mortgagor afterwards purchased

the land, and took a deed for it by its right description, and sold it to a third party, both of them living near the mortgagor and know-ing that he owned no such land on section 18 as was described in the mortgage, and each of them having been informed by a son of the mortgagee that he had a mortgage on the land purchased by him pre-vious to his purchasing, it was *held*, on a bill filed to reform and fore-close the mortgage, that these facts were sufficient to put both the brother of the mortgagor and the purchaser from him, on inquiry, which, if properly pursued, would have brought the real facts before them, and that they were chargeable with notice of them.

2. REMEDIES *in favor of a mortgagee.* The fact that a mortgagee has obtained a judgment on a *scire facias* issued on the record of his mort-gage, and that there is a special execution issued thereon, still in the hands of the sheriff, is no defense to a bill filed to foreclose the same mortgage. A mortgagee has several distinct remedies, and can pursue them all at the same time, but can have but one satisfaction.

3. AMENDMENT *of bill and answer in chancery — making new parties.* Where the answer of a defendant to a bill to foreclose and reform a mort-gage states that a purchaser of the equity of redemption had sold and conveyed the land to him by deed, and the evidence shows that there was no such deed executed, but only a bond for a deed, and it appears, from affidavits accompanying a motion for leave to amend his answer to con-form to the evidence, that there are other persons, not parties to the suit, claiming a portion of the land by purchase from the mortgagor, the court should permit the answer to be amended, and the bill also, if desired.

4. The great object in chancery proceedings is, to settle the rights of all parties interested in the subject of litigation. The owner of the equity of redemption is a necessary party to a proceeding to foreclose his equity, and when it appears, on a motion to amend an answer, that there are such necessary parties who are not before the court, the amendment should be permitted, and when made, the persons thereby shown to be necessary parties, should be brought into court.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, MCKENZIE & CALKINS, for the appel-lant.

Messrs. LANPHERE & BROWN, and Mr. F. S. MURPHY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of Knox county, to reverse a decree rendered by that court on a bill filed by Margaret Rafferty, complainant, against Edward Slattery and E. Erickson (whose christian name does not appear in the proceedings), defendants, to reform a mortgage deed alleged to have been executed and delivered by Edward Slattery to complainant, and to foreclose the same, Erickson being made a party as purchaser of the equity of redemption.

The bill of complaint was filed at the October term, 1873, and was continued from term to term, various steps having been taken in the meantime, until at the July term, 1875, a final decree passed in favor of complainant as prayed.

It would appear, the mortgage, as executed, was for a different piece of land than was intended or contemplated by the parties, the mistake being occasioned, as alleged, by the scrivener who drew the deed. The land described therein was described as lot 1 of a sub-division of the south-east quarter of section 18, in town 12, range 1, containing twenty-five acres, more or less, when, in truth and in fact, section 21 was the section intended, and it was the place on which the mortgagor lived at the time of executing the deed, and who owned no part of section 18, and no other tract in section 21 containing twenty-five acres. It is very clear, from the proof, this mistake did occur. The mortgagee was trusting the whole matter to the mortgagor to have the deed properly executed in all respects, she herself not being well acquainted with such business.

The deed was duly acknowledged and recorded with this misdescription. John Slattery, a brother of the mortgagor, became thereafter the purchaser of the land by the correct description, and sold the same to Erickson, and they insist they had no notice of this incumbrance; that the record of a deed for lot 1, in section 18, is no notice that lot 1 in section 21 was conveyed or intended to be conveyed.

It is in vain, we think, for John Slattery to make such a plea, when he knew his brother lived on lot 1 in section 21, and never claimed to own any land in section 18. His brother was a man, we should infer, of quite limited means, and it is almost impossible John, who lived near him, should not have known the extent of his possessions. The deed on record, with this misdescription, was certainly sufficient to put any one circumstanced as John Slattery was, upon inquiry, which, properly pursued, could not have failed to have brought the real fact before him. He is chargeable with notice, having the way to the truth open before him, and he was informed by appellee's son of the mortgage before he purchased. The same may be said of Erickson. He lived on the tract adjoining this, which was the residence of the mortgagor, and when he saw a deed on record for lot 1 in section 18, he knew at once there was some mistake, and, upon inquiry, he could have been fully enlightened. But a direct notice was given to him by complainant's son, long before he purchased of John Slattery, that his mother, the complainant, had a mortgage upon the land, and he was so told more than once, and when told, he seemed to care very little about it, saying that John Slattery "was good to him," in other words, responsible to him. Erickson was told by Boylson there was a mortgage on the land.

We lay out of view all testimony received against appellant's objections, of reports in the neighborhood that this land was mortgaged, before Erickson purchased, as the fact of knowledge on the part of Erickson is sufficiently established by competent evidence.

A point is made on the admission of appellee, that a judgment had been obtained at the February term, 1870, in the Knox circuit court, on *scire facias* issued on the record of this mortgage, which was in full force, and that a special execution had issued thereon, and still in the hands of the sheriff. There is nothing in this objection. A mortgagee has several distinct remedies, and can pursue them all at the same time,

but can have but one satisfaction. *Vansant* v. *Allmon,* 23 Ill. 30, and cases there cited.

A point is made on the refusal of the court to allow defendant Erickson to amend his answer.   It will be observed, Erickson. in his answer to the bill of complaint, which was put in December 30, 1873, as of the October term, 1873, denies all notice on the part of John Slattery when he purchased the premises, and then avers that he (Erickson) purchased the premises of John Slattery, and received from him a good and sufficient deed for the land, properly executed, acknowledged, delivered and recorded, he (John Slattery) being then, and up to the time of defendant's purchase, in full and undisturbed possession of the premises.

The record shows John Slattery, in his testimony, stated, when he sold to Erickson. he did not give any deed, but a contract only, which he produced in court, and handed the same to complainant's counsel.   By this contract, he was to execute a warranty deed when the contract was complied with on the part of Erickson, and which, we infer, had not been complied with.

This testimony showed that John Slattery still owned the equity of redemption, and that Erickson did not own it, John having the legal title.   Accordingly, before any decree had been entered, Erickson asked leave of the court to amend his answer, to conform it to the testimony of John Slattery, which the court denied.   This motion was supported by competent affidavits showing there were other persons holding titles from Edward Slattery to portions of this land, and who were not made parties.

One great object in chancery proceedings is, to settle the rights of all parties interested in the subject of litigation. That the owner of the equity of redemption, in a proceeding to foreclose this equity, is a necessary party, will not be questioned.   No decree which may pass, he not being a party, will conclude him.   In order, then, to conclude all these parties in this one suit, and prevent further litigation, the court

214        Eurigh v. The People ex rel.        [Sept. T.

Syllabus.

should have allowed the amendment to the answer, and when the amendment was made, it would show there are other persons interested in this proceeding, and who ought to be made parties before any satisfactory decree could be pronounced. The court then could have continued the cause, that the proper parties might be brought in, and their rights adjudicated.

For this reason, we are of opinion the decree should be reversed, and the cause remanded, with directions to allow the amendment to the answer, and to the bill, if desired.

*Decree reversed.*

Mr. Justice Dickey :*   In so far as this opinion sanctions the idea that the record of a deed, purporting to convey one tract of land, can be regarded as enough to put the purchaser of land not mentioned in the record, on inquiry, I dissent. There is no proof that knowledge of such record was brought home to the party, and it is not claimed such record was constructive notice.

---

*This cause was submitted at the September term, 1875, but was not finally disposed of until after Mr. Justice Dickey came upon the Bench.