# LAZARUS SILVERMAN

## v.

# THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ET AL.

1.   RECEIVER UNDER FORECLOSURE.—In cases of foreclosure of a mortgage, a receiver should not be appointed unless it is made to appear that there is an imperative necessity therefor, arising from the insolvency of the mortgagor, or in order to protect some particular property for such parties as shall be entitled to the benefit thereof.   Where the party in possession as the owner of the equity of redemption is solvent, although the mortgagor is insolvent, there is no such reasonable cause as will warrant the appointment of a receiver.

2.   ACCOUNT OF PAST RENTS AND PROFITS.—Where a mortgagor is left in possession, he is regarded as the owner of the premises, and may occupy and take the rents and profits to his own use; and he is not accountable to the mortgagee for the rents and profits accruing after the commencement of proceedings to foreclose, and before the mortgagee is entitled to possession under the decree.

3.   PURCHASER OF EQUITY OF REDEMPTION.—A purchaser of the equity of redemption stands in the place of the mortgagor, succeeds to all his rights, and may receive the rents and profits without accounting to the mortgagee the same as the mortgagor could.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.   Opinion filed February 4, 1880.

Messrs. TRUMBULL, CHURCH & TRUMBULL, for appellant; that the mortgagor is not required to account for the rents and profits while he remains in possession, cited Moore v. Titman, 44 Ill. 367; M. V. R'y Co. v. U. S. Ex. Co. 81 Ill. 534; Am. Bridge Co. v. Heidelbach, 94 U. S. 798; O'Brian v. Fry, 82 Ill. 87; Chinnery v. Black, 3 Doug. 391; Cooper v. Davis, 15 Conn. 556.

By a decree, the instrument upon which the proceeding is based becomes entirely merged in the judgment : Wayman v. Cochrane, 35 Ill. 152; Freeman on Judgments, 180.

Against the appointment of a receiver : Kerr on Receivers, 46; Seligman v. Laubheimer, 58 Ill. 124.

As to the rights of a grantee of the mortgagor: McLagan v. Brown, 11 Ill. 519.

A subsequent mortgagee for an existing debt, is entitled to precedence of advances made by a prior mortgagee with notice of the second mortgage: Frye v. Bank of Illinois, 11 Ill. 367; Speer v. Skinner, 35 Ill. 282; Collins v. Carlisle, 13 Ill. 254.

To enforce any mechanics' liens against appellant, proceedings therefor should have been instituted within the six months limited by statute : Bayard v. McGraw, 1 Bradwell, 134; Clark v. Manning, 4 Bradwell, 649.

Messrs. Hoyne, Horton & Hoyne, for appellees; upon the right to enter a remittitur, cited Pixley v. Boynton, 79 Ill. 351; Nixon v. Halley, 78 Ill. 611.

The mortgage is of the rents and profits as well as of the land, and the mortgagee is entitled to receive them : Moore v. Titman, 44 Ill. 367.

As to the right to appoint a receiver: Haas v. Chicago Building Soc. 89 Ill. 498.

It does not appear that appellee had notice of appellants' lien, and without actual notice it had the right to go on making advances on the mortgage: Shirrars v. Caig, 7 Cranch. 51; Sandford v. Wheeler, 13 Conn. 165; McDaniels v. Colvin, 16 Vt. 300.

The mechanic's lien men having waived their liens as to appellee, they would be entitled to be subrogated to the rights of the company to the extent of $5.500 in the mortgage: Jacques v. Fackney, 64 Ill. 87; Billings v. Sprague, 49 Ill. 509.

A court may retain a cross-bill for the purpose of settling the questions under it, after dismissal of the original bill: C. A. W. Co. v. C. M. L. I. Co. 57 Ill. 424; Ralls v. Ralls, 82 Ill. 243; Thompson v. Shoemaker, 62 Ill. 256.

As to relief under a general prayer for relief: Stanley v. Valentine, 79 Ill. 544; Hopkins v. Snedacker, 71 Ill. 449; Walker v. Abt, 83 Ill. 226.

McAllister, J.   After the making of the mortgage, and before bringing the suit in this case to foreclose it, Silverman be-

came the owner of the mortgagor's equity of redemption in the mortgaged premises, by purchase at sheriff's sale under execution on judgment against the mortgagor, and was in the receipt of rents and profits as such owner of the equity of redemption. Silverman is perfectly solvent, and the mortgagee never had or demanded the possession of the premises.  In the proceedings to foreclose the mortgage, the court required appellant to account for rents and profits from the time of service of process to foreclose down to the time of decree, and they amounted to $1,561.51.  In the foreclosure decree, the court, on the finding that the mortgagor was insolvent and the premises scant security for the amount that was found due to the Northwestern Mutual Life Insurance Co., the mortgagee, from Larmon, the mortgagor, appointed a receiver of the premises, required Silverman to pay over to him in five days said sum of $1,561.51, and immediately assign to him all leases of premises, and that all tenants should attorn and pay rents to him; directed that the receiver have power to make leases of said premises, and each and every part thereof, from time to time, not exceeding one year, as he might think advisable.  The decree found the amounts of the mortgage debt adjudged to be due from the mortgagor, and required the former to pay it in five days; also gives Silverman the privilege of paying it in that time.  In default of such payment, a sale of the premises by the master is directed.

As regards Silverman, the owner of the equity of redemption, the substance of this decree of foreclosure is, that in and by it a receiver is appointed and Silverman is required to immediately assign over to him all leases on the premises, and in five days pay over to him the sum of $1,561.51, the rents and profits received by Silverman as the owner of the mortgagor's equity of redemption from the service of process to the time of the decree, and to which receiver all of Silverman's tenants were to attorn and pay rents; and although Silverman had the option by the decree to pay the mortgage debt in five days, and by the law of the land had the right, any time within one year from the master's sale to redeem the premises from such sale, yet there was this receiver, clothed by the decree with power to

thwart him in the exercise of either of these rights, they being as clear and equitable as any which the law gave to the mortgagee.

The receiver had power to make leases of the whole or any part of the premises from the hour the decree was entered, irrespective of Silverman's privilege by the decree of paying the mortgage debt in five days. He had the power to make such leases from time to time, as he might deem advisable, the only limitation being that such leases should not extend for a period of more than one year. One year from when? There being no time defined, it means from the time of making them; and this "from time to time" in the decree would extend through the whole year of Silverman's time for redemption after the master's sale. With such an underlying counteracting agency, with such powers, who would venture on the payment of the decree or the exercise of the right of redemption? Certainly no one would whose prudence taught him to avoid legal complications. No one would who regarded it as a privilege of consequence to hold, possess and enjoy property he was about to pay his money for. That appointment, with the power given, was calculated to embarrass, if not wholly subvert, Silverman's privilege of paying the mortgage debt, if he elected to do so, and his right to redeem after the master's sale, if there should be one. Being made prior to such sale, it was impracticable for the court to determine under such evidence as was in the case, that there would be a necessity for a receiver, in view of Silverman's entire solvency, and in the absence of evidence of waste, or any fraudulent conduct on his part.

No special circumstances were shown for the appointment of a receiver whose powers were immediately in force at that stage of the case, before the time of the payment of the mortgage debt had elapsed, and before the master's sale. In First National Bank of Sioux City v. Gage, 79 Ill. 209, the court said: "A receiver should be appointed in no case unless it is made to appear there is an imperative necessity for the step, to preserve some particular property for such parties as shall be entitled to the benefit." There must be a clear, strong case,

amounting to a reasonable cause, at least, for the preservation of property pending the cause, and to be finally disposed of by it. The party in possession as the owner of the equity of redemption being entirely responsible in respect to any liability which might be cast upon him as to his dealings with the property; and although the mortgagor was insolvent, there was no such reasonable cause shown as would justify the appointment of a receiver with such powers and so unguarded at that stage of the case.

We think, also, in connection with the appointment of a receiver with such powers, at that stage of the case, it was error to require Silverman to account for and pay over to such receiver the rents and profits from the time of bringing the foreclosure suit to that of the decree. As far back as 1740, Lord Hardwicke, in Higgins v. The York Building Co. 2 Atkin, 107, announced the general doctrine thus: "In the case of a mortgagee, where a mortgagor is left in possession, upon a bill brought by the mortgagee for an account in this court, he never can have an account of rents and profits from the mortgagor for any of the years back during the possession of the mortgagor." So, again, in Mead v. Lord Orrery, 3 Atkin, 236, decided in 1745, he expresses himself in this strong language: "As to the mortgagor, I do not know any instance, where he keeps possession, that he is liable to account for the rents and profits to the mortgagee, for the mortgagee ought to take the legal remedies to get into possession." In a recent work, which seems to have been prepared with great diligence and ability, we find the doctrine applicable to the point under consideration stated thus: "Yet while the mortgagor is left in possession, he is in most respects regarded as the owner of the land, and he may occupy and improve, or may take the rents and profits to his own use, in the same manner as before he made the mortgage. The commencement of an action against him by the mortgagee to recover possession does not change his right in this respect, and he is not accountable for the rents and profits accruing afterwards and before the mortgagee is entitled to possession under the judgment. If the mortgagee wishes to receive the rents and profits, he must take early

Silverman v. N.W. Mutual Life Ins. Co.

means to obtain possession." 1 Jones on Mortgages, Sec. 667. The learned author cites in support of the text the cases from Atkins, *supra;* Wilder v. Houghton, 1 Pick. 87; White v. Wear, 4 Mo. App. 341.

In *ex parte* Wilson, 2 Ves. & B. 252, Adams & Stuart had given a mortgage to Wilson, the petitioner, for £1,000, the premises at the same time being under lease. The principal and considerable interest being in arrears, Adams died and Stuart became bankrupt. The mortgaged property being a scant security, the mortgagee gave notice to the tenant to pay the rent to him; but the tenant paid it to the assignee in bankruptcy, and the mortgagee, by his petition, prayed that such assignee be directed to pay that rent over to him, it amounting to £120, 7s., 4d., an account of the principal, interest and costs, and the usual order of sale. Lord Eldon, denying the petition, said: "Admitting the doctrine of Moss v. Gallimore, Doug. 266, to be sound law, I have often been surprised by the statement that the mortgagor was receiving the rents for the mortgagee. That is one of those cases which have led me to doubt whether Lord Mansfield was not sometimes applying, as the doctrine of a court of equity, what had never been so. In the instance of a bill filed to put a term out of the way, which may be represented as in the nature of an equitable ejectment, the court will in some cases give an account of the past rents; but a mortgagee never can in this court make the mortgagor account for the rents for the time past. There is not an instance that a mortgagee has, *per directum*, called upon the mortgagor to account for the rents. The consequence is that the mortgagor does not receive the rents for the mortgagee."

Kent says: "We have seen that the mortgagee may at any time enter and take possession of the land by ejectment or writ of entry, though he cannot make the mortgagor account for the past or by-gone rents, for he possessed in his own right and not in the character of a receiver." 4 Kent's Com. 165; Cooper v. Davis, 15 Conn. 556.

Silverman, by the purchase of the mortgagor's equity of redemption and receiving the sheriff's deed, succeeded to all the mortgagor's rights. To defeat the mortgagor's right while in

possession to receive the rents and profits to his own use, so firmly established by the rules both of law and equity, it was necessary that there should have been some affirmative covenant in the mortgage on the part of the mortgagor, that the mortgagee should receive or have the right to receive them, although the mortgagor might remain in possession. This is about the only covenant wanting in the mortgage in this case to render the subjection of the mortgagor to the mortgagee complete and absolute. The inclusion of the rents and profits with the appurtenances to the lands described is not enough to deprive the mortgagor of the right to receive the rents to his own use, where the mortgagee neither gets, attempts to get, nor demands possession either before or after condition broken, which, under the facts, was not by lapse of time in this case, but by a sort of forfeiture. M. V. R. R. Co. v. U. S. Express Co. 81 Ill. 535; American Bridge Co. v. Heidelbach, 94 Sup. Ct. U. S. 798.

The decree of the court below will be reversed and the cause remanded, for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.