## A. C. PALMER *et al.*

*v.*

## E. G. HARRIS.

*Filed at Springfield September 30, 1881.*

1. REMEDY—*when two concurrent ones may be pursued at same time.* The vendor of land may sue at law upon the note given for the purchase money, and at the same time proceed in equity to enforce a lien reserved in his deed for the payment of the same.

2. Since the passage of the act of 1865, authorizing a personal decree on the foreclosure of a mortgage for any balance remaining due after sale of the premises, and the award of an execution therefor, the mortgagee may bring his action at law, the same as before, for any balance due him after the sale under the foreclosure, or he may in the first instance sue at law on his note, and proceed to foreclose the mortgage in equity at the same time.

3. AMENDMENT—*as to amount of decree, at same term.* It is competent for a judge other than the one who presided at the hearing of a cause, presiding at the same term of court, to amend the decree rendered upon the hearing, so as to show the true amount due, and when the amendment lessens the amount the defendant can not complain that the amendment was allowed without notice to him, although correct practice may require it.

4. INTEREST—*judgment rate governs after judgment.* On bill to enforce a vendor's lien when the note has been reduced to a judgment, the true rule for ascertaining the sum due is to calculate the interest on the judgment, and not upon the note.

5. EVIDENCE—*proof of fact admitted by pleadings not necessary.* Where, on a bill to enforce a vendor's lien, the answer admits the making of the note for the purchase money and the reservation of the lien in the deed to the defendant, the necessity of introducing in evidence the deed which reserves the lien will be obviated. It is wholly unnecessary to prove on the hearing that which is solemnly admitted by the answer.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. W. R. WELCH, Judge, last presiding, the Hon. CHARLES S. ZANE presiding before the amendment of the decree was allowed.

Mr. W. P. CALLON, for the appellants.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was to enforce a vendor's lien reserved in the deed made by complainant to defendants for the land described in the bill, to secure the purchase money. The balance remaining due was evidenced by a promissory note, executed by defendants. At the same time the bill was filed, a common law action was commenced on the note to recover a judgment at law. Whether any defence was made to the suit on the note does not appear, but at all events judgment was rendered against defendants on the 19th day of November, 1879, for the amount of the note, and interest to that date. The defence attempted to be set up to the merits of the case in the original answer of defendants was afterwards withdrawn, and, on leave given for that purpose, defendants amended their answer by striking out that portion that alleged matters in part defence to the note, and then set forth as a reason why complainant should not. obtain relief

on his bill, that at the time of filing his bill in this cause he also instituted a suit on the law side of the court upon the same note described in the bill; that the parties to both suits are identically the same, and that the subject matter is the same, being the same note, and none other; that on the 19th day of November, 1879, complainant obtained judgment on the note in an action at law, and which judgment is a first lien on the premises described in the bill, excepting only the vendor's lien, which complainant by this bill seeks to foreclose; and that the premises have in no way been incumbered since they were conveyed to defendants, but that they are as fully subject to such judgment as to any decree he might obtain in this suit, and that defendants have an abundance of property, aside from the real estate described in the bill, to satisfy such judgment. A motion had previously been made (based on an affidavit stating the pendency of the common law suit on the note, admitting the making of the note as charged in the bill, and that a vendor's lien was reserved in the deed to secure the same,) for a rule on complainant to compel him to elect whether he would proceed with this suit or with his suit at law; but that motion was overruled. The cause was submitted for hearing on the master's report, and the testimony taken in the cause, and on the 6th day of May, 1880, the court found the general allegations of the bill to be true,—that the note was secured by a vendor's lien on the premises,—and rendered a decree in favor of complainant for the sum of $8839.42, and ordered the same to be paid by defendants within ten days, and on default thereof that the premises be sold to satisfy the same. Afterwards, at the same term of court, and on the 11th day of May, 1880, another judge of the same circuit presiding, on motion of complainant the decree rendered on the 6th day of May was amended by striking out the words and figures $8839.42, and inserting in lieu thereof $8752.16, it appearing to the court there was error in ascertaining the sum due

on the note in entering the original decree, and it was ordered the original decree stand as therein ordered in all things, except as to the sum due on the note before mentioned. On defendants' appeal, the decree of the circuit court was affirmed in the Appellate Court, and now defendants bring the case to this court on their further appeal.

No question is made against the justness of the debt for which a lien is sought to be established against the premises described in the bill. The amount of the debt was ascertained in the suit at law. The point is made that defendants should not be subjected to the double vexation of a suit at law and in equity for the recovery of the same debt. The position is taken, that upon the filing of the answer of defendants alleging the facts of the commencement of both suits, on motion of defendants entered for that purpose, complainant should have been compelled, by rule laid upon him, to elect whether he would proceed in his suit at law or in equity, and if the latter court was selected, an injunction should have been issued to restrain further proceedings at law, and if the former, the bill should have been dismissed.

It was definitely settled in *Vansant* v. *Allmon,* 23 Ill. 30, that a creditor by note and mortgage has several remedies, either and all of which he might pursue until his debt was satisfied. It was said, a judgment on the note without satisfaction was no bar to a proceeding in equity to foreclose the mortgage, and the two suits might be pending at the same time. No case has been cited in this court that shows any departure from the practice as established by that decision. The argument insisted upon as the reason for the rule in *Vansant* v. *Allmon,* as declared in *Dunkley* v. *Van Buren,* 3 Johns. Ch. 330, is, that a party on a bill to foreclose a mortgage is confined in his remedy to the pledge, and that such a suit was not intended to act *in personam* on the mortgage debtor, and that since the act of 1865 the practice in that regard has been changed, and as the reason for the rule is

changed, the rule itself must be understood to be changed also. It is not perceived there is any force in the reasoning on this branch of the case. The act of 1865, which authorizes the court, in suits in equity directing a decree of foreclosure, to render a decree for any balance that may be found due complainant after the sale of the mortgaged premises, and award execution therefor, only authorizes that to be done in the chancery suit which before could only have been done in an action at law. But there is nothing in this statute that makes it imperative there shall be but one action. The mortgagee may now, as before the passage of that act, bring his action at law for any balance that may be due him after the sale of the mortgaged premises, or he may in the first instance sue at law on his note, and proceed to foreclose the mortgage in equity at the same time. Sustaining this view of the law is *Erickson* v. *Rafferty,* 79 Ill. 209.

It was entirely competent for another judge of the same circuit, presiding at the same term of court, to permit the amendment of the decree so as to show the exact sum due complainant. It would have conformed more nearly to correct practice, perhaps, had notice been given to defendants, but as the amendment allowed was in their favor by lessening the amount of the decree, they were in no manner prejudiced by the action of the court, and there is no just ground for complaint on that score.

It is not perceived the amount of the decree exceeds the sum due complainant. It is admitted the judgment at law was for $8512.78. Interest on that sum from November 19, 1879, the date of the judgment, to May 6, 1880, the date of the decree, at the rate of six per cent per annum, added to the principal makes the sum found due by the decree. The finding of the amount due by the master in his report may have been correct in February, when the computation was made by him, but that sum did not represent the true amount due May 6, 1880, when the decree was pronounced. The

true rule for ascertaining the sum due was by calculating the interest on the judgment at law, as was done.

As we have seen, the making of the note, as charged in the bill, was admitted in the answer of defendants, and that a vendor's lien was reserved in the deed to defendants to secure the same. That admission obviated all necessity for introducing as evidence at the hearing of the cause the deed containing the reservation of the vendor's lien for the purchase money of the premises conveyed. It was wholly unnecessary to prove that which was solemnly admitted in the answer of defendants under the sanction of their oaths.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*