## THE HOOPESTON BUILDING ASSOCIATION
## v.
## B. S. GREEN ET AL.

MISTAKE IN EXECUTION OF MORTGAGE—PURCHASE WITH NOTICE.—Where a mortgage was given upon three lots, and by a mistake of the scrivener and the mortgagor, the mortgage executed covered only one of the lots, and subsequently the mortgagor and wife executed a quitclaim deed of the three lots to appellee. *Held*, that as the evidence shows that appellee took the quitclaim deed with a full knowledge of all the facts, he can only hold the three lots subject to the lien of the mortgage.

ERROR to the Circuit Court of Vermilion county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed January 16, 1885.

Mr. F. BOOKWALTER, for plaintiff in error; as to right to correction of mortgage, cited West v. Madison Co., etc., 82 Ill. 205; Ballance v. Underhill, 3 Scammon, 453.

Messrs. MANN, CALHOUN & FRAZIER, for defendants in error.

DAVIS, P. J. This was a bill in chancery filed by plaintiff in error to correct a mistake made in the description of land, in a mortgage executed to the Building Association by Charles J. Nelson and wife to secure a loan of money.

Nelson, who is a member of the Hoopeston Building Asso-

The Hoopeston Building Association v. Green.

ciation, had borrowed of the plaintiff in error six hundred dollars to build his house on the premises in controversy. He owned fifty feet off the north end of lots eight, nine and ten, in J. S. McFerren's Addition to Hoopeston and by agreement between Nelson and the building association he was to mortgage the whole of the fifty feet of said three lots to secure the money he borrowed. In executing the mortgage, however, a mistake was made by the scrivener and Nelson by which the mortgage only covered fifty feet off the north end of lot eight. After he made the mortgage, Nelson and wife executed a quitclaim deed to B. S. Green for the same fifty feet off the north end of the same three lots, eight, nine and ten, in consideration of six hundred and fifty dollars which he was owing to him. Green was to hold the property as security and he gave Nelson a bond for a deed for the same premises. Nelson told Green, at the time he gave him the quitclaim deed, that there was a mortgage of six hundred dollars to the Hoopeston Building Association then on the property. Green had been over to see Nelson before then and knew all about it.

The house built with the money borrowed by Nelson of the building association was built on the fifty feet off the north end of said lots nine and ten, and the fifty feet off the north end of lot eight have no improvements on them whatever, and are not worth to exceed twenty-five or fifty dollars.

Green and Nelson applied to the scrivener who drew up the mortgage, and who at that time had not learned of the mistake which had been made in the mortgage, to write the quitclaim deed from Nelson to Green, and Green inquired of him what the property was worth, and was told twelve or thirteen hundred dollars. He was also told that the building association had a mortgage on the property of six hundred dollars. These facts were abundantly proved by the testimony given in the case, and it is also proved, almost beyond a reasonable doubt, that Green took the quitclaim deed from Nelson with a full knowledge of all the facts, including the knowledge of the loan of the building association to Nelson of the money with which the house was built, and of the intention of all the parties, mortgagors and mortgagee, that the mort-

gage which was executed should cover the whole of the premises which were afterward conveyed by quitclaim deed from Nelson and wife to Green. Green can not, therefore, be considered as an innocent purchaser without notice, and can only hold the lots subject to the prior and superior lien of the building association. When Green learned that such association had a mortgage on the whole of the premises which Nelson and wife were about to convey to him, he was put on inquiry, and he did not discharge his full duty by a mere inspection of the record of the mortgage, for the record would disclose the same description of the land as the mortgage did, and it was in the description of the land that the mistake was made. Under the circumstances, with the knowledge which had been imparted to him already, it was his duty, if he desired further light, to inquire of the Hoopeston Building Association, a corporation doing business in the town in which the lots were situated. On such inquiry all the facts, if he was in ignorance of any of them, could have been ascertained by him.

On the hearing below the court found the issues for appellee and dismissed appellant's bill of complaint. This, we think, was error. The court should have found for appellant and granted it a decree, correcting the mistake and declaring that Green should hold the premises conveyed to him by Nelson and wife, subject to the mortgage of appellant as corrected, and as it was intended to be executed. Moore v. Munn et al., 69 Ill. 591; Clearwater et al. v. Kimler et al., 43 Ill. 272; Erickson v. Rafferty, 79 Ill. 209.

Decree reversed and cause remanded.