## WICKMAN vs. ROBINSON.

14   493
104   283

One who has made a valid contract for the purchase of land and has paid part of the purchase money, has an equitable *lien* on the land for the amount paid, in case the fulfillment of the contract on his part is prevented by the default or wrongful act of the vendor.

June Term,
1861.

WICKMAN
v.
ROBINSON.

Where the land was to be paid for in services, the amount of the vendor's lien is the value of the services actually performed, estimated according to the contract price.

The vendee in such case is entitled to a judgment for the sale of the land to make the amount due to him, his lien being in the nature of a mortgage.

Where the contract of purchase in such case is duly recorded, the lien will be enforced against the land in the hands of a subsequent purchaser.

APPEAL from the Circuit Court for *Dane* County.

The complaint, which was filed in April, 1860, stated that in October, 1856, the plaintiff and the defendant *Robinson* entered into an agreement under seal, which was duly acknowledged and recorded in July, 1858, whereby the plaintiff agreed, among other things, to break up and sow a certain tract of land (commencing the work in the spring of 1857), and to cultivate it for five years, delivering one-third of the crop to *Robinson*, and also to help fence a certain other tract, and to furnish *Robinson* board and washing on the premises for the term of five years; and for the breaking and fencing and boarding and washing, *Robinson* agreed to pay the plaintiff $500; "and in consideration of said sum of $500, the said *Robinson* covenanted to convey to the plaintiff, by good and sufficient deed," a certain other tract of land in Dane county, containing 40 acres. The complaint alleged that the plaintiff had furnished Robinson with board and washing under the contract for two years and a half, and had otherwise performed all the things agreed to be done on his part, until *Robinson* refused to permit him to proceed further under the agreement, and threatened him with personal violence if he remained on the premises; that the breaking and fencing done by the plaintiff, and the board and washing furnished under the contract, were worth $300; that *Robinson* had, after the recording of said agreement, conveyed to the defendant *McBride* the forty acres of land which he had agreed to convey to the plaintiff, and had become insolvent; and that the plaintiff had never consented to a rescission of the contract, and would not consent to it until his claim should be paid. Prayer, that the sum of $300, with interest, might be declared a lien upon said forty acres, and that said land be decreed to be sold for its payment. There

were other stipulations in the contract, and some other allegations in the complaint, not necessary to be here noticed. The defendants *Robinson* and *McBride* demurred to the complaint as not stating facts sufficient to constitute a cause of action; and the circuit court sustained the demurrer.

*Julius T. Clark*, for appellant, contended that as the plaintiff alleged he had never consented and would not consent to a rescission of the contract, he must wait until the expiration of the five years, and then sue for specific performance. 1 Wis., 401; 9 Johns., 126; 2 Ala., 514; 4 Blackf., 171; 3 McLean, 457; 2 Barr, 122; 8 Wheat., 170.

*Welch & Lamb*, contra, insisted that a vendee who pays part of the purchase money, has a lien on the land for the amount advanced, and if the vendor does not or cannot convey the land to the vendee, the latter can enforce his lien as an equitable mortgage. 2 Story's Eq. Jur., §§ 1018, 1020, 1217, 1231, and notes 2, 3; *Burgess vs. Wheate*, 1 W. Black. R., 150; *Oxenham vs. Esdaile*, 3 Y. & Jerv., 264; *Ludlow vs. Grayall*, 11 Price, 58; *Finch vs. Earl of Winchelsea*, 1 P. Will., 278, 282; *Mackreth vs. Symmons*, 15 Ves., 345, 353; 4 Kent's Com., p. 158, n. a; *Hoagland vs. Latourette*, 1 Green's Ch. R., (N. J.), 254; *Mooney vs. Dorsey*, 7 Smedes & M., 15; 1 Ark., 572; 3 id., 1; 1 Paige, 129; 4 id., 15; Miller on Equitable Mortgages, 45 Law Lib., 18–19; Adams' Eq., 332, n. 1; 2 Sum., 486; 1 Wis., 565–573; 2 Pick., 211; 3 Sandf., 450; 1 Rawle, 327; 6 Penn. St., 390; 10 Ohio, 415; 2 Hill's Eq. R., (S. C.), 167. The plaintiff having been prevented by the defendant from performing his contract, is entitled to pay for his services, *quantum meruit.* 2 Greenl. Ev., 90, note 3; 7 T. R., 181; 4 Taunt., 745; 2 East, 145; 10 Johns., 36; 16 Wend., 632.

*By the Court*, PAINE, J. This appeal presents the question whether one who has made a contract for the purchase of real estate, and has paid part of the purchase money, has an equitable lien on the land for the amount paid, in case a completion of the contract is prevented by the default or wrongful act of the vendor. It must be conceded that there are not many cases where such a right has been sought to be

enforced, but the right itself has been frequently recognized by courts, and referred to as established by elementary writers. The following cited by the appellant's counsel, may serve as illustrations. *Burgess vs. Wheate*, 1 W. Black., 150 ; *Mackreth vs. Symmons*, 15 Ves., 345 ; *Mooney vs. Dorsey*, 7 S. & M., 22 ; *Payne vs. Atterbury*, Harring. Ch. (Mich.), 418; 3 Y. & Jer., 264; Miller on Eq. Mortgages, 45 Law Lib., 18 and 19.

We can see no reason why such a lien should not exist. All the reasoning by which the vendor's equitable lien for the purchase money after conveyance, is established, is applicable in support of the vendee's lien after payment or part payment, and before conveyance. It is difficult to imagine upon what principle a court of equity could enforce the one and deny the other. It is undoubtedly true that the more usual remedy is, to enforce a specific performance. But in cases like the present, where the payment is to be made by the performance of particular services for the vendor, and after they are partly performed he refuses to allow them to be completed, it may be doubtful whether a specific performance could be enforced by the vendee; whether he would not be limited to his damages for the non-performance. However that may be, we are satisfied that it is the clear result of equitable principles, that if he chooses to waive every right except the recovery of that which he has paid, he should be held to have a lien on the land for that amount.

The amount to be paid, in a case like this, would be the value of the services actually performed, estimated according to the contract price. The contract having been recorded, the plaintiff is entitled to the same remedy as against the purchaser, that he would have if no conveyance had been made. 1 Paige, 129 ; 4 id., 9 ; *Hoagland vs. Latourette et al.*, 1 Green's Ch., 256. That remedy is by a sale of the property to collect the amount due, it being in the nature of a foreclosure. 2 Story's Eq., § 1217.

The demurrer to the complaint should have been overruled. The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.