## DUBOIS *vs.* HULL, impleaded, &c.

A vendor's lien upon the land sold, for the purchase money, can only be waived by taking collateral security, or by an express agreement to that effect.  The party disputing the lien must show that the vendor agreed to rest on other security, and to discharge the lien.

The principle of equitable lien is founded on the presumed intention of the parties.

The law presumes an intention on the part of the vendor to retain his lien for the purchase money, and imposes upon the purchaser the burden of proving the contrary.

The plaintiff, by his agent, proposed to sell a piece of land to a corporation, and to receive in payment therefor stock of the company to a specified amount.  A committee of the corporation made a report recommending the acceptance of this proposition, which was adopted; but no further steps were taken to pay for the land in stock, nor was any stock ever issued to the plaintiff, or to any person for his benefit.  The plaintiff conveyed the land to the corporation, but the consideration money was never paid. *Held* that the circumstances of the case did not show a waiver of the vendor's lien for the purchase money.  Nor did the fact that the vendor had put his demand, for the purchase money, into a judgment before attempting to enforce the lien, evince an intention to waive it.

At most the obtaining of a judgment for the purchase money can only be regarded as a circumstance to show the intention of the vendor to waive the lien, bearing upon the question whether there was a waiver, or not.

Where the vendor has recovered a judgment for the purchase money, it is no

Dubois *v.* Hull.

defense to an action to enforce his equitable lien, that he has not issued an execution upon the judgment.

Although a corporation has no power, under the statute, to give any lien on its real estate, by its own act, a lien may be created, by operation of law, upon land purchased by it, in behalf of the vendor.

THIS action was brought for the purpose of enforcing an equitable lien which the plaintiff claimed, for the unpaid purchase money of certain lands in Greene county. On the 18th of September, 1860, the plaintiff conveyed to the defendant, The Manhattan Ice Company, said real estate, owned by him, for the consideration of $2000. It is alleged in the complaint, and the proof shows, and it was found by the referee, that this consideration was never paid.

On the 20th of December, 1860, the defendant Hull recovered a judgment against the Manhattan Ice Company, for $244.75, which was docketed in Greene county, December 21, 1860. On the 24th of January, 1861, the defendant Hull recovered another judgment against said company, for $309.44, which was docketed in Greene county, January 26, 1861.

On the 28th of March, 1861, the plaintiff recovered a judgment against said Manhattan Ice Company, for the sum of $2139.96; said judgment being for the unpaid purchase price or consideration of the conveyance of said real estate. No execution was ever issued on this judgment of the plaintiff. In March, 1862, executions were issued to the sheriff of Greene county, on the two judgments recovered by the defendant Hull. On the 3d day of May, 1862, the said real estate was sold, under said executions, to Albert Brett, for $280.86. On the 25th of March, 1862, this action was commenced. The sheriff of Greene county was made a party defendant in the action. The plaintiff, in his complaint, claimed that he had an equitable lien on the lands sold, for the payment of the consideration money, and asked for a decree restraining the defendants, Hull and the sheriff, from selling said real estate, and to have the plaintiff's judgment

declared a lien thereon, prior and superior to the judgments of the defendant Hull.

On the trial the plaintiff moved to amend the complaint by striking out the concluding portion which asked that the plaintiff's judgment be declared a lien, superior to the other judgments, and by inserting in the place thereof a demand for the establishment of the plaintiff's lien for said consideration money, and for the payment of the same by a sale of the premises. In the course of the trial, and before the referee had decided the motion, the plaintiff's counsel left the place of reference, and afterwards returned with an appearance from the attorney for the Manhattan Ice Company, and a consent allowing said amendment, dated September 22, 1862. The referee allowed the amendment. The defendant offered to prove, on the trial, that the real estate in question was wholly paid for by Henry Dubois, the father of the plaintiff, and was held by the plaintiff to protect it from his father's creditors, and for his benefit. This evidence was objected to, and excluded by the referee. The other points and exceptions taken on the trial appear in the opinion. The referee reported in favor of the plaintiff. The usual decree was made, and entered, and the defendant Hull appealed to the general term.

*Coe & Wallis,* for the appellant.

*Joseph Hallock,* for the respondent.

*By the Court,* MILLER, J. The consideration money upon the sale of the land conveyed by the plaintiff to the Manhattan Ice Company not having been paid, the law attaches a lien upon the real estate for the amount, unless the circumstances surrounding the case show that the lien was waived. The principle of equitable lien is founded upon the presumed intention of the parties; although it often happens that they

Dubois *v.* Hull.

knew nothing about the rule, and did not expect any such security.

It is claimed by the counsel for the defendant that the lien was waived, and that the plaintiff intended to rely upon the personal credit of the company. There is evidence in this case to show that the negotiations were made and conducted by Henry Dubois, the father of the plaintiff, who was one of the trustees of the ice company, and who, the plaintiff claims, acted as his agent in making the sale. The proceedings of the trustees, which were introduced upon the trial, show that Henry Dubois proposed to sell the property to them and to receive in payment therefor stock of the company to the amount of $2000, and the report of a committee, recommending the acceptance of that proposition, was adopted. No further steps were taken to pay for the land in stock, nor was it ever issued to the plaintiff, or to any person for his benefit. The plaintiff testifies that no part of the consideration money was paid to him, and that the company were to pay him in cash, as he understood it. The treasurer of the company swears that the real estate was never paid for; that the company never issued and there never was any agreement to issue any stock to the plaintiff, at any time, or that he was to be paid for the land or any part of it, in stock.

No stock having been issued, and the proposition to pay in stock never having been executed, if any such there was, the company had entirely failed to complete the arrangement alleged to have been made, and hence it can hardly claim the benefit of it in this case. Independent of this view of the matter, the evidence was certainly conflicting upon the question of fact whether any such arrangement was made; and the referee having found against the plaintiff, upon that point, his finding must be regarded as conclusive and binding.

Even if the evidence had established a parol agreement to take pay for the land in stock, I think as it never was enforced it would not have been sufficient to establish a waiver of the lien. It could only have been waived by taking col-

lateral security, or by an express agreement to that effect. The party disputing the lien must show that the vendor agreed to rest on other security, and to discharge the lien. (*Willard's Eq. Jur.* 124, 443. *Fish* v. *Howland,* 1 *Paige,* 24, 30. *Garson* v. *Green,* 1 *John. Ch.* 308.)

In the case last above cited, by an agreement in writing a part of the consideration money was to be paid by the purchaser's note at fifty-five days, and the lien was sustained. The circumstances showing that the lien was not intended to be reserved must, within the authorities cited, be circumstances constituting a part of the contract. The plaintiff is deemed not to have parted with the premises, to the extent of the lien; and as Chancellor Kent says in 4 *Kent's Com.* 152: "The vendee becomes a trustee to the vendor for the purchase money." In *Hallock* v. *Smith,* (3 *Barb. S. C. Rep.* 272,) Strong J. says: "If the vendor take a note or bond from the vendee, for the purchase money, that is no waiver of the lien, for such instruments are only the ordinary evidences of the debt." The law presumes an intention to retain the lien, and imposes upon the vendee the burden of proving the contrary. (1 *Hilliard on Mort.* 483.) Even if it be doubtful under all the circumstances, whether the lien has been displaced or waived, the lien attaches. (*Story's Eq. J.* § 1224.)

Applying the principles established, to the case under consideration, I think that the circumstances of the case do not show a waiver of the lien, even if that question of fact, after the decision of the referee, was an open one. Nor does the fact that the plaintiff had put his demand into a judgment, before attempting to enforce the lien, evince an intention to waive it. It has never been held that obtaining a judgment for a portion of the purchase money of real estate waived the lien. This was a *legal* remedy, which the party had a right to pursue, and I see no good reason why it should interfere with the *equitable* remedy, or that by resorting to it the party evinced an intention to abandon his claim in equity.

A holder of a bond and mortgage may sue upon the bond, without waiving his equitable remedy by a foreclosure of the mortgage.

It was held in *Crippen* v. *Heermance*, (9 *Paige*, 211,) that where a bond and mortgage was void for usury, the original debt due on the contract for a sale of the premises was not merged therein, but remained an equitable lien on the land, as a part of the purchase money due upon such contract. The obtaining of a judgment was not taking an additional security of the purchaser, as the Manhattan Ice Company had no personal property out of which the amount could be realized, nor any real property except the land in question. The taking of a bond or note does not discharge the lien, and there is no good reason why the prosecution of a bond or note of itself should have that effect. According to the authorities before cited there must be an express agreement to waive the lien, or the vendor must receive some substantial equivalent or security in the place of it; so as to show an intention to waive it. At most, the obtaining of a judgment for the consideration money can only be regarded as a circumstance to show the intention of the party to waive the lien, bearing upon the question of fact submitted to the referee, whether there was a waiver.

It is said that by the statute, (3 *R. S. 5th ed.* 273, § 6,) no proceedings can be had in an action to enforce the lien until an execution on the plaintiff's judgment is returned unsatisfied in whole or in part. I think that this provision has no application to proceedings to enforce an equitable lien. The article containing this section is entitled "Of the powers and proceedings of the court upon bills for the foreclosure and satisfaction of mortgages." Although an equitable lien has some of the characteristics of a mortgage, yet a proceeding to enforce it is a common law remedy, which is not governed by the statutory provisions referred to, and many of them would be entirely inapplicable. It is therefore no defense to the action that no execution was issued upon the judgment.

It is further objected that the Manhattan Ice Company had no power to create this equitable lien. That under the statute it could hold real estate, but it had no power "to mortgage the same, or to give any lien thereon." (2 *R. S.* *5th ed.* 658, § 20.) I think the answer to this position is that the company did not execute any mortgage, or give any lien on the real estate. The lien was created by operation of law. The conveyance by the plaintiff to the company created the lien, and the company held the real estate as trustee for the vendor, for the purchase money which was unpaid. (4 *Kent's Com.* 154.) The statute could have no effect upon it in any way. At the time of the conveyance the plaintiff retained an interest in the land, to the amount of his lien. It could not therefore have been assumed by the plaintiff that the statute had any application, or that he contracted with knowledge that it in any way affected his rights.

The offer to prove that Henry Dubois, the father of the plaintiff, paid the whole consideration money of the farm of which the premises in question were a portion, and that they were conveyed to the son to protect them from his father's creditors, and for his benefit, was properly overruled. (1.) No such issue was made by the pleadings in the case. (2.) The answer admitted that the plaintiff was the owner of the premises, at the time of the conveyance. (3.) The Manhattan Ice Company, by accepting a conveyance from the plaintiff, admitted his ownership, and I think it is thereby estopped from interposing any such defense. (4.) The evidence could have no bearing upon the questions litigated, and was not admissible.

I think no error was committed by the referee, in allowing the amendment to the complaint proposed by the plaintiff. All the parties were represented, and there was no such variance as could not be supplied under the liberal provisions of the code, §§ 169, 170. There is no pretense that the defendant was misled, and the complaint may be considered

as amended so as to conform to the proof. (*Code,* § 173. *Wright* v. *Whiting,* 40 *Barb.* 235. *Denman* v. *Prince, Id.* 213.) Even on appeal the court may treat the pleadings as amended in conformity with the evidence, in any respect in which the court ought clearly to allow an amendment at special term. (*Bowdoin* v. *Coleman,* 3 *Abb. Pr. Rep.* 431. *Harrower* v. *Heath,* 19 *Barb.* 331. *Bate* v. *Graham,* 1 *Kern.* 237. *Pratt* v. *Hudson River Rail Road Co.,* 21 *N. Y. Rep.* 305.)

The referee properly exercised· his discretion in allowing the amendment.

For the reasons given, the judgment entered on the report of the referee must be affirmed with costs.

