Smith M. Flickinger, Appellant, v. Allie J. Glass et al., Respondents.

Real property — vendee's lien — election of remedies — action to recover payments made by a vendee and action to declare them a lien on the land are concurrent — assignee of the vendee is not precluded from establishing a lien upon the land by fact that after vendee's assignment to him the vendee sued for the payments and was defeated because he was not a real party in interest.

1. There is no inconsistency between an action to recover the payments made by a vendee and an action to declare them a lien on the land. The two remedies are concurrent.

2. The owner of a farm contracted to sell it to plaintiff's assignor and take in part payment a stock of merchandise of an agreed value, which was delivered before the time of closing the sale. Upon breach of the contract by the vendor, plaintiff's assignor made an assignment of his cause of action and of any equity in the land to the plaintiff. Thereafter and in spite of this assignment the vendee sued in his own name for the value of the merchandise and obtained a judgment which was reversed upon the ground that he was not the real party in interest. Before the reversal the vendee assigned the judgment to plaintiff. Thereafter plaintiff, the assignee of the contract, began this action against the vendor and his wife demanding judgment that the value of the merchandise be declared a lien on the farm, and that the lien be held superior to a mortgage which the vendor in the interval had made to his wife. The trial court, affirmed by the Appellate Division, held that by force of the earlier action there had been an election of remedies and a waiver of the lien, with the result that plaintiff had lost both his judgment and the lien. Held, error; that the plaintiff, suing through his assignor for the value of the merchandise, did not elect to treat the contract as void in its inception, and that the

lien was not lost. (*Davis* v. *Rosenzweig*, 192 N. Y. 128, distinguished; *Elterman* v. *Hyman*, 192 N. Y. 113, followed.)

3. Although there are allegations in the complaint that the mortgage by the vendor to his wife was made in fraud of creditors and that plaintiff's lien should be held superior, plaintiff does not need to prove the fraud in order to prevail. Hence, the action cannot be held to be one to set aside an instrument in fraud of creditors, and this court is not precluded from reviewing the judgment herein although unanimously affirmed by the Appellate Division.

*Flickinger* v. *Glass*, 171 App. Div. 974, reversed.

(Argued January 23, 1918; decided February 5, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 11, 1915, unanimously affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, and stated in the opinion.

*W. W. Chamberlain* and *Eugene M. Bartlett* for appellant. Upon the transfer and delivery by Whiting to Glass of his stock of groceries and fixtures as part of the purchase price a lien on the farm resulted in his favor for the agreed price and value thereof. (*McWhorter* v. *Stewart*, 39 App. Div. 212; *Kline* v. *Sachs*, 102 App. Div. 44; *O. R. Co.* v. *Palmer*, 117 App. Div. 505; *Elterman* v. *Hyman*, 192 N. Y. 113; *Davis* v. *Rosenzweig Co.*, 192 N. Y. 128.) The transfer and delivery by Whiting to Glass of the stock of groceries and fixtures at an agreed valuation was the same as if an equal amount of cash had been paid. (*Clark* v. *Fairchild*, 22 Wend. 584; *Hare* v. *Van Deusen*, 32 Barb. 97; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Dubois* v. *Hall*, 43 Barb. 26; *Mills* v. *Bliss*, 55 N. Y. 139; *Yeomans* v. *Bell*, 151 N. Y. 270; *Zeiser* v. *Cohn*, 207 N. Y. 407; *Fish* v. *Potter*, 2 Keyes, 76; *Bennett* v. *Murphy*, 123 App. Div. 102; *Perry* v. *Bd. of Missions*, 102 N. Y. 99.) There has been no election of remedies

by the plaintiff. (*Foster* v. *Central National Bank*, 183 N. Y. 379.) The right to a vendee's lien does not rest in contract but upon principles of natural justice emanating from the contract in the application of which strict rules of law are not controlling. (*McWhorter* v. *Stewart*, 39 App. Div. 212; *Zeiser* v. *Cohn*, 207 N. Y. 419; *O. R. Co.* v. *Palmer*, 117 App. Div. 505; *Elterman* v. *Hyman*, 192 N. Y. 113; *Davis* v. *R. Realty Co.*, 192 N. Y. 128; *Perry* v. *Bd. of Missions*, 102 N. Y. 99.)

*Willard H. Ticknor* for respondents. The decision of the Appellate Division was unanimous and this court is limited to an examination of the question whether the findings warrant the judgment rendered. (*Lyndall* v. *N. Y. C. R. R. Co.*, 213 N. Y. 691; *Cronin* v. *Lord*, 161 N. Y. 90; *People ex rel. Manhattan Ry. Co.* v. *Barker*, 152 N. Y. 417; *Archer* v. *City of Mount Vernon*, 171 N. Y. 639.) The plaintiff's assignor, Whiting, in the first action sued upon a theory inconsistent with the maintenance of this action to impress a lien and thereby elected to pursue that remedy only. (*Bank of Beloit* v. *Beale*, 34 N. Y. 473; *Fields* v. *Bland*, 81 N. Y. 239; *Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450; *Terry* v. *Munger*, 121 N. Y. 161; *Thomas* v. *Dickinson*, 12 N. Y. 370; *Davis* v. *R. R. Co.*, 192 N. Y. 128; *Elterman* v. *Hyman*, 192 N. Y. 126; *Goodman* v. *Schwab*, 136 App. Div. 583; *Zeiser* v. *Cohn*, 207 N. Y. 407; *Whalen* v. *Stuart*, 194 N. Y. 495.) This action being to impress the alleged lien of Whiting's ahead of the mortgage given by Glass to his wife as in fraud of creditors cannot be heard in this court since the decision of the Appellate Division was unanimous. (Code Civ. Pro. § 191, subd. 2; *Gregory* v. *Binghamton Trust Co.*, 217 N. Y. 667.) Whiting waived his right to a lien by making a contract to exchange groceries for the farm and by recovering a money judgment. (*Bennett* v. *Murphy*, 123 App. Div. 102; 195

N. Y. 553; *Fish* v. *Potter*, 4 Keyes, 76; *Hazeltine* v. *Moore*, 21 Hun, 355; *McKillys* v. *McKillys*, 8 Barb. 552; *Hare* v. *Van Dusen*, 32 Barb. 92; *Coit* v. *Fougera*, 36 Barb. 195; *Camp* v. *Gifford*, 67 Barb. 434; *Zeiser* v. *Cohn*, 207 N. Y. 407.)

CARDOZO, J. This is an action to foreclose a vendee's lien.

In October, 1910, one Glass was the owner of a farm in Erie county. He made an oral contract to sell it to one Whiting for $6,500. He was to take in part payment a stock of groceries and fixtures of the agreed value of $2,625. The contract described the farm as containing 100 acres. Before the time set for closing title, Whiting made delivery of the groceries and fixtures. He learned later that the farm contained only 93 7/10 acres. The deficiency, 6 3/10 acres, had been taken for railroad purposes. He tendered full performance on his part and demanded a conveyance in accordance with his contract. The finding is that performance was refused by Glass.

Upon this breach of the contract, Whiting made an assignment of all his cause of action and of any equity in the land to Flickinger, the plaintiff. In spite of this assignment, he sued in his own name for the value of the groceries and fixtures. We know from our own records that the judgment was reversed in this court on the ground that he was not the real party in interest and, therefore, could not sue (*Whiting* v. *Glass*, 217 N. Y. 333). Before the reversal, he assigned the judgment to Flickinger who already held the cause of action. This suit was then begun. Judgment was demanded that the value of the groceries and fixtures be declared a lien upon the farm. Judgment also was demanded that the lien be held to be superior to a mortgage which Glass in the interval had made to his wife. The trial

judge held that by force of the earlier action, there had been an election of remedies and a waiver of the lien. The result up to the present time is, therefore, this: The plaintiff has lost both the judgment and the lien. He has lost the judgment upon the ground that his assignor could not sue after the assignment of the cause of action; and he has lost the lien upon the ground that his assignor did sue, and that he is bound by the election. The dilemma is unfortunate, and, we think, unnecessary.

There is no inconsistency between an action to recover the payments made by a vendee and an action to declare them a lien upon the land. The two remedies are concurrent. The plaintiff, in suing through Whiting for the value of the groceries and fixtures, did not elect to treat the contract as void in its inception. He is not in the position of the plaintiff in *Davis* v. *Rosenzweig Realty Co.* (192 N. Y. 128), who said that because of fraud there never was a contract, and who for that reason was held to have lost a lien which owes its origin to a contract. That is not the plaintiff's claim. He concedes that a valid contract was made, and complains that the vendor is unable to perform it. His position is like that of the vendee in *Elterman* v. *Hyman* (192 N. Y. 113), who established a contract valid in its inception, and obtained a lien for part payments on proof that the title was defective. The distinction is between abandonment of performance and rescission *ab initio* (*Elterman* v. *Hyman, supra,* at p. 126; *Anvil Mining Co.* v. *Humble,* 153 U. S. 540, 552; *Whitbread & Co., Ltd.,* v. *Watt,* 1902, 1 Ch. D. 835). The lien is the same whether payment is made in money or in goods (*Wickman* v. *Robinson,* 14 Wis. 493; *N. Y. News Pub. Co.* v. *Nat. S. S. Co.,* 148 N. Y. 39, 41). Part performance under the contract gives a right to reimbursement, and equity secures the right through a lien upon the land.

The argument is made that even if the lien survived

the choice of remedies, there was none the less a waiver of lien through the reduction of the claim to judgment. One may abandon a lien as vendor or as vendee by the acceptance of a new security (*Maroney* v. *Boyle*, 141 N. Y. 462, 467). Even then the question is sometimes one of intention (*Cordova* v. *Hood*, 17 Wall. 1). It is not enough that " the parties may not have contemplated the assertion of the lien in the first instance " (*Fisher* v. *Shropshire*, 147 U. S. 133, 143; *Slide & Spur Gold Mines* v. *Seymour*, 153 U. S. 509, 517). But the obligation of the debtor in a new form, whether a note or a bond, or even a judgment, is not within the meaning of this rule a new security. That has many times been held where a vendor obtained judgment at law for the price, and sued afterwards in equity for the foreclosure of his lien (*Dubois* v. *Hull*, 43 Barb. 26, 30; *Graves* v. *Coutant*, 31 N. J. Eq. 763, 780; *Zeigler* v. *Valley Coal Co.*, 150 Mich. 82; *Palmer* v. *Harris*, 100 Ill. 276; *Kane* v. *Mann*, 93 Va. 239. See also: *Ratchford* v. *Cayuga County C. S. & W. Co.*, 217 N. Y. 565, 568; *Zeiser* v. *Cohn*, 207 N. Y. 407, 422). The vendor's lien is the counterpart of the vendee's (*Elterman* v. *Hyman*, *supra*, at p. 123, 124; *Bach* v. *Kidansky*, 186 N. Y. 368), and they are governed by like principles.

One other point is to be noticed. The argument is made that this court is without jurisdiction of the appeal. It is said that the action is one to set aside an instrument as in fraud of the rights of creditors (Code Civ. Pro. § 191, subd. 2, since amended by L. 1917, ch. 290). A judgment in such an action when unanimously affirmed by the Appellate Division, is not reviewable here of right. It is true that there are allegations in this complaint that the mortgage by Glass to his wife was made in fraud of creditors, and that the plaintiff's lien should be held superior. But the plaintiff does not need to prove the fraud in order to prevail. This is plainly

so as against the husband. It is true also as against the wife. Even though there was no fraud, the mortgage yields to the lien unless it was taken without notice, actual or constructive, of the rights of the vendee; and the burden of proof is with the defendants to show that notice was lacking (*Seymour* v. *McKinstry*, 106 N. Y. 230). In such circumstances, we cannot view the cause of action as one to set aside an instrument in fraud of the rights of creditors. Our jurisdiction is not barred by non-essential allegations.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.