VINCENZO GIARRATANO and Another, Respondents, *v.* JESSE S. MCILWAIN, Appellant.

Third Department, March 12, 1926.

Vendor and purchaser — action by purchaser to rescind contract and to recover payments made — no cause for rescission on ground of fraud — defendant held property at time of sale to plaintiffs under land contract from original owner — defendant defaulted in his contract and his vendor foreclosed and sold land — plaintiffs are entitled to recover amount paid — oral promises by defendant to carry out contract not binding — fact that plaintiffs retained personal property consisting of cattle is not inconsistent with cause of action — plaintiffs were not required to give notice requiring defendant to perform — plaintiffs had lien on personal property retained by them — unnecessary allegation as to fraud which was not proven does not deprive plaintiffs of relief — Civil Practice Act, § 479, applied.

In an action by purchasers to rescind a land contract and to recover payments made to their vendor, the evidence does not sustain the contention of the plaintiffs that they suffered loss solely on account of fraudulent and false representations by the defendant.

But the plaintiffs may recover the moneys paid to the defendant on the contract, since it appears that at the time of the sale the defendant held the property in question under a land contract from the original owner, and that thereafter the defendant defaulted in the payment on his contract, although he continued to receive payments from the plaintiffs and the defendant's vendor foreclosed the contract to the defendant and sold the land to a third person.

The plaintiffs are not bound by any oral promises or statements made by the defendant or his brother who purchased the land on the foreclosure, to the effect that plaintiffs' contract would be carried out, and those promises do not bar plaintiffs from maintaining this action.

The plaintiffs not only had the right to withdraw from the contract but they had the right to maintain this action for reimbursement without further performance or tender of performance on their part.

The fact that the plaintiffs retained possession of certain personal property consisting principally of cattle which was transferred to the plaintiffs when they purchased the farm, is not inconsistent with this cause of action for reimbursement, for it was necessary for the plaintiffs to care for the cattle and to retain them in their possession, and furthermore, the retention thereof by the plaintiffs is based on a claim by them that they had a lien on the personal property and is supported by an order of the court restraining any action with reference to the personal property until the termination of this action and that order has never been appealed from or modified.

It was not necessary that the plaintiffs should give any notice to the defendant requiring performance of the land contract at some future time, or requiring further assurance that he would perform, for the defendant by his own willful act in defaulting on his contract, placed it beyond his power to comply with the contract of sale to the plaintiffs.

The plaintiffs have a lien on the personal property transferred to them as a part of the contract of sale which may be enforced by the court so that the plaintiffs may be reimbursed for the moneys paid on the contract.

The mere fact that the plaintiffs unnecessarily alleged fraud in the execution of the contract, an allegation which is not essential to a cause of action for reimbursement under the facts stated, and that the allegations of fraud were not proven, does not deprive the plaintiffs of their right to recover the moneys paid on the contract, which right is based upon the inability of the defendant to perform.

An answer having been interposed the court may permit the plaintiffs to take any judgment consistent with the case made by the complaint and embraced within the issues.   (Civ. Prac. Act, § 479.)

APPEAL by the defendant, Jesse S. McIlwain, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Delaware on the 17th day of July, 1923, upon the decision of the court rendered after a trial at the Broome Special Term, with notice of intention to bring up for review all the evidence taken at the trial and all questions of law arising thereon.

*Claude V. Smith*, for the appellant.

*Arthur F. Curtis*, for the respondents.

VAN KIRK, J.   The complaint states a cause of action for rescinding a contract to convey a farm and personal property thereon, made August 10, 1920, by the plaintiffs and their assignors as vendees, with the defendant as vendor, on account of false representations as to the title and liens upon the real and personal

property, relying upon which false representations the vendees entered into that contract; also a cause of action to recover the sums paid to defendant on the contract on the ground that defendant by his own fault and fraud had permitted his title to the real estate to be taken from him, thus causing a complete change in the conditions as to title and making it impossible for him to perform, and to have a lien therefor on the personal property.

We find no proof of detriment or loss suffered by plaintiffs solely on account of the false representations charged and so pass the cause of action to have rescission because the contract was void for fraud in its inception. But we think a recovery of the sums paid by the plaintiffs to defendant is justified. It is alleged in the complaint and the proof shows that defendant was the vendee in a contract with one Scott as vendor to convey this same real estate; the defendant defaulted in his payments upon that contract; Scott brought action in January, 1922, to foreclose it; judgment of foreclosure was entered therein and the premises sold to a third party; immediately after such sale the plaintiffs elected to renounce further performance of the contract, left the real estate and took therefrom the personal property which was conveyed under the contract of August 10, 1920. Defendant's title to the real estate rested solely in this Scott contract, and his only source of title which would enable him to perform his contract with plaintiffs was by complying with the terms of that contract. Under its terms defendant was to pay forty-five dollars per month. He made his last payment November 15, 1920, but three months after making his contract with plaintiffs. He continued in default until January, 1922. In this interval plaintiffs had regularly paid sixty dollars a month to defendant, in compliance with the terms of their contract, and defendant had applied this sixty dollars per month to payment of his own obligations other than those under his contract with Scott. Scott, in the action to foreclose his contract with defendant, served the papers upon these plaintiffs. Defendant defaulted in that action; he abandoned that contract and made no attempt to protect the only title or interest he had in the real estate. The real estate was sold to his brother, who soon thereafter executed a mortgage in the sum of one thousand eight hundred dollars thereon. No assurance in any valid form was given to these plaintiffs that their rights under their contract with defendant would be protected. Here then was a complete change in the condition of the title, which in our view excused the plaintiffs from continuing the contract and justified them in withdrawing therefrom. Williston says in his work on Contracts (§ 878): " It is obvious that a conveyance subsequent to the contract

imposes a risk of inability which the buyer did not assume, and it is also clear that such a conveyance justifies an inference of intent not to perform which would not be warranted by a lack of title at the time the contract was originally entered into." (See, also, *James* v. *Burchell*, 82 N. Y. 108.) Neither the oral statement which defendant claims he made, nor the testimony of the brother John, who purchased the real estate, that he is ready and willing to carry out the contract, in any wise affected the right of the plaintiffs to withdraw from the contract; such oral statements bound no one. Neither defendant nor his brother ever made any tender of a written contract by the brother with the plaintiffs.

The plaintiffs not only had the right to withdraw from the contract but they had a right to maintain an action for reimbursement (*Flickinger* v. *Glass*, 222 N. Y. 404) without further performance or tender of performance on their part. (Williston Cont. §§ 767, 768.) We quote from section 768, entitled " Conditions precedent as well as conditions concurrent are excused by the promisor's prospective non-performance," as follows: " The injustice of requiring performance of the condition in order to acquire a right of action when the promisor has indicated that he will not keep the promise is obvious. Contracts are not made with the expectation that they will be broken, but with the expectation that they will be performed. A promisee will rarely think it wise to perform a condition precedent, involving large expense, when he knows that the promisor will not perform in his turn. Yet to deny him because of this a right of action against the promisor who has brought the situation about is unjust and inconvenient. It may be urged that the contrary view involves enforcing against the promisor a promise which he never made; namely, an absolute instead of a conditional promise; but owing to his own conduct he should be precluded from insisting upon the condition. There is no doubt that this is the law, and that no distinction is taken by the courts in this respect between conditions which require co-operation or concurrent action by the promisor and those which do not."

The fact that plaintiffs retained possession of the personal property covered by the contract is not inconsistent with this cause of action. The principal part of the personal property was a dairy; the cows could not be abandoned to take care of themselves; they must be fed and milked. These cows came rightfully into the possession of the plaintiffs; the plaintiffs rightfully chose to withdraw from the contract and leave the premises. They were under obligation to take with them at least the cattle. And when later they refused to deliver the personal property to the defendant the refusal was because they claimed a lien thereon and rightfully

as we think will appear later. They promptly brought this action and on May 22, 1922, obtained an order from a justice of the Supreme Court restraining defendant, his representatives and all persons claiming under him, from interfering with or seizing this personal property " until the determination of this action or further order of the court." This order was based upon the lien claimed by defendant. It has never been appealed from or modified. Acts do not necessarily determine a man's relation to property in his possession; his intention fixes the character and nature of his possession. (*Weigel* v. *Cook,* 237 N. Y. 136, 140.) Whether rightfully or wrongfully, the plaintiffs held this personal property solely to secure payment to them of the amount they had lost by defendant's wrongdoing. They still had the right to renounce performance and bring action.

Nor do we think it was necessary that plaintiffs should have given any notice to defendant requiring performance at some future time on his part, or requiring some further assurance that he would perform. The foreclosure proceeding and the subsequent separation of defendant from the title to the real estate was entirely due to the fault or omission of the defendant. In connection with it there was no waiver of any condition of the contract on the part of the plaintiffs, nor any delay in which they concurred by implication.

Consistently with the cause of action here upheld the court has allowed judgment for the exact amount which the plaintiffs had paid upon the contract.

There remains the question of the vendee's lien. The plaintiffs in their complaint ask that the payments made by them under the contract be adjudged to be a lien on the personal property and that it be sold under the direction of the court. That a vendee's lien may be had upon real property is fully established in this State. Where the vendee has made payments as part performance on his part and the contract to convey is not carried out because the vendor has failed to make title or has otherwise defaulted the vendee has a lien to the amount of his payments. (*Elterman* v. *Hyman,* 192 N. Y. 113.) In that case Judge VANN said (p. 124): " The vendee has a lien because he has paid for the land pursuant to contract, and as he cannot get the land, he has a right to get out what he put in on the faith of the land. * * * The contract and payment in part make him the equitable owner *pro tanto.* When the vendor cannot convey, the equitable owner, wholly or in part, may assert his rights in a court of equity to get out of the land what he paid on it." An action to enforce such a right is not an action for rescission or on a rescission. The plaintiff

accepts the condition in which he finds himself because of the wrongdoing of his vendor. " The vendee does not rescind when without fault he goes into a court of equity and insists on a right springing from the contract and payment thereon pursuant to its terms." (Id. 126.) In *Flickinger* v. *Glass* (222 N. Y. 404) Judge CARDOZO distinguishes between *Davis* v. *Rosenzweig Realty Co.* (192 N. Y. 128), where a lien was denied because on account of fraud there never was a contract, and the *Elterman Case* (*supra*), where there was a valid contract and the vendee obtained a lien for part payments on proof that title was defective, and says: " The distinction is between abandonment of performance and rescission *ab initio.*" He also says: " There is no inconsistency between an action to recover the payments made by a vendee and an action to declare them a lien upon the land. The two remedies are concurrent. * * * Part performance under the contract gives a right to reimbursement, and equity secures the right through a lien upon the land."

We here recall that the real estate in question is a dairy farm and the personal property consists of stock and equipment, which a buyer would hardly want unless together with the farm; together they make a unit. If the farm were within the reach of the court plaintiffs would have a lien upon it and as incidental thereto probably on the personal property, but the real estate in this case is beyond the reach of the court. The question, therefore, is, may the vendee's lien declared upon the personal property be sustained? In England the equity courts in proper cases declare and enforce vendees' liens against personal property as against real estate. In Halsbury's Laws of England (Vol. 19, p. 18, § 25) the law is thus expressed: " The purchaser's lien, like the vendor's lien, is not confined to land alone, but extends also to personal property and attaches from the moment of payment, provided, of course, that the sale is not rescinded through the purchaser's own default." (*Swainston* v. *Clay*, 68 Eng. Ch. 558, 559; *Mycock* v. *Beatson*, 49 L. J. Ch. [N. S.] 127.) This lien is based upon the same broad equitable grounds upon which the vendor's lien rests. (9 Harvard Law Rev. 486, and cases cited; *Elterman* v. *Hyman, supra.*) Again, " This lien is based, not on the contract, but, as in the case of a vendor's lien after conveyance, on the necessity of doing justice as between vendor and purchaser in the relation created by the contract." (22 Harvard Law Rev. 65; *Whitbread & Co., Ltd.,* v. *Watt*, L. R. [1902] 1 Ch. 835. See, also, *Flickinger* v. *Glass, supra.*) While we find no case in this State upholding this vendee's lien, neither do we find any case denying it. In the present case there is no contest of creditors; the personal property is identified; it is

in plaintiffs' possession and protected by a judge's order. We can conceive no reason why equity should not recognize and enforce the lien. Every element of equity appeals for its enforcement. We, therefore, hold that plaintiffs are entitled to recover the payments they made upon the contract and to the lien as adjudged on the personal property.

The court has control in the enforcement of the lien and could direct a sale in accordance with the provisions of the Lien Law of the State.

The fact that plaintiffs alleged more than was necessary to sustain their cause of action and lien is not important. There was no motive to state separate causes of action. We are at liberty to consider whether under the allegations and proofs the plaintiffs have shown a cause of action. An answer was interposed and the court may permit the plaintiffs to take any judgment consistent with the case made by the complaint and embraced within the issues. (Civ. Prac. Act, § 479.) The plaintiffs did not need to prove the fraud alleged in their complaint in order to prevail. The jurisdiction of the court is not barred by non-essential allegations. (*Flickinger* v. *Glass, supra,* 409.)

The decision and judgment should be modified accordingly and as modified the judgment should be affirmed.

Judgment modified in accordance with the opinion, and as so modified unanimously affirmed, with costs. Order to be settled before VAN KIRK, J.

# CASES REPORTED WITH BRIEF SYLLABI

AND

## DECISIONS HANDED DOWN WITHOUT

## OPINION