265 P.2d 398

WOODARD et ux. v. ALLEN.

No. 8031.

Supreme Court of Utah.

Dec. 29, 1953.

J. Vernon Erickson, Tex R. Olsen, Richfield, for appellant.

J. Grant Iverson, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment denying plaintiff-vendor relief under a written real estate contract. Reversed with instructions, costs to plaintiffs.

A realtor negotiated a sale of plaintiffs' property to defendant, who signed the agreement one evening, delivering a $500 check as down payment, only to stop its payment next morning. He then claimed plaintiff had failed to include personalty in the written agreement which they nevertheless orally had agreed to transfer; that they had falsely represented 170 acres to be under cultivation, when there were but 107. Defendant contended further, that upon reflection, he felt it unfair to get only ¼ of the oil rights—although he had agreed to such percentage.

Detailing the record no further, we believe defendant's objections were conceived after the stop-payment, and were designed to avoid a bargain regretted. His evidence failed of that clear and convincing proof necessary to establish deceit. We conclude therefore that defendant's cross-appeal, urging error in the trial court's failure to find misrepresentation, was not supported successfully. Defendant's able counsel apparently felt the same when he prepared proposed findings which the court signed, making no mention of misrepresentation, but only a finding of non-marketability of title in plaintiffs.

Defendant questioned the marketability in an amended answer. Plaintiffs deraigned title to part of the property by mesne conveyance, links in the chain of which were tax deeds from the county, which body, to eliminate doubt as to their validity, prosecuted quiet title suits, which were determined to be ineffective by the trial court because of defective affidavits for

I. Bowen v. Olson, Utah, 246 P.2d 602.

publication.[1] The trial court concluded, for that reason, that plaintiffs had no marketable title and hence no right to relief.

Defendant agreed to pay $500 down, $27,000 in one month, and $4,000 or more each year for 5 years thereafter, and plaintiffs agreed to convey by warranty upon payment being made.

Defendant's attack on the marketability of plaintiff's title was premature, since, under the authorities, that fact is determinable, not as of the date of execution of the contract, but as of the time a vendee tenders that which, under the contract, would require the vendor to transfer not only marketable title, but the title which the latter agreed to convey.[2]

Here the defendant reneged in 24 hours, a month before the second payment was due, and 5 years before plaintiffs could demand final payment, neither tendering nor evincing an inclination to pay any further sum under the contract. Under these facts, plaintiffs were not obliged to prove marketable title simply because defendant raised the point.

The plaintiff in this case has alleged facts which would justify entry of judgment for any amount found to be due from defendant to plaintiff because of failure to pay installments past due. Plaintiff's prayer asks for specific performance, which under the facts alleged, could be construed only as a request for judgment as to such installments and attorneys' fees. It appears that at the time of judgment in this case, defendant was in arrears the $500 down payment and the first installment called for by the contract.

Plaintiff is entitled to judgment for such amounts.[3] We remand this case with instructions to vacate the judgment heretofore entered, and to enter findings, conclusions and judgment in consonance with the views herein expressed.

McDONOUGH, CROCKETT and WADE, JJ., concur.

WOLFE, C. J., not participating.

1. Bowen v. Olson, Utah, 1953, 246 P.2d 602.

2. 55 Am.Jur. 622, Vendor & Purchaser, § 153; Kares v. Covell, 180 Mass. 206, 62 N.E. 244; 57 A.L.R. 1514; Thompson, Real Property, Vol. 8, p. 573, § 4585.

3. Rule 54(c) (1), Utah Rules of Civil Procedure.