280 P.2d 767

**Fred WALKER, Plaintiff and Respondent,**

v.

**C. C. BINTZ AND SHAW, Inc., Defendant and Appellant.**

**No. 8224.**

Supreme Court of Utah.

March 9, 1955.

---

Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for appellant.

: Brant H. Wall, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment for alleged contract breach. Reversed. Costs to appellant.

On May 13 the parties executed an earnest money agreement, which recited terms of amount and time of payment, and required defendant to "furnish good and marketable title *to date* (italics furnished), or at seller's option a policy of title insurance * * * and to make final conveyance by warranty deed." Plaintiff's contention is that such language required defendant to furnish marketable title as of July 11, the date provided in the agreement for the parties to execute a formal written contract, and having failed to do so, plaintiff is entitled to a return of a $1,000 advance payment.

Defendant's attorney said the title was marketable but plaintiff's attorney disagreed. A day or so before July 11, defendant displayed a title insurance company's offer to insure the title subject to certain exceptions which appear to us to have been clearable by quiet title litigation. Nonetheless, on or before July 11, plaintiff repudiated the contract on the asserted ground that defendant had no marketable title, and sued to recover the $1,000 down payment. The trial court held in favor of plaintiff on a theory of breach of contract.

The earnest money agreement provided for retention of payments made as liquidated damages if the buyer breached. Defendant's conduct and the record fairly indicate that he elected to treat the $1,000 as such liquidated damages to the exclusion.

164

of any other provable damages, such as to bind him to his election.

Since plaintiff repudiated before the time defendant had to perform, the latter had no duty further to perfect title, and this case is determinable, therefore, on such repudiation, if for no other reason.

 Even assuming the earnest money agreement contemplated furnishing of marketable title as of July 11, which we need not decide, under circumstances such as are extant here, the authorities generally allow a seller a reasonable time within which to perfect title,[1]—a possiblity which the plaintiff by repudiation foreclosed.

As to whether the phrase "to date" used in the earnest money agreement meant that marketable title was to be determined as of July 11, or as of the time of final payment, when the seller must know and the buyer must expect that the former must produce and the latter is entitled to a transfer of marketable title,—as is usually the case when the phrase is used[2]—we need not determine, but it would appear to us that under the particular facts of this case, the parties reasonably could have intended that Bintz would, on July 11, at least demonstrate an ability to perfect his title.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

1. Thompson, Real Property, Perm.Ed., Vol. 8, Sec. 4609; 55 Am.Jur. 719, Sec. 273, 57 A.L.R. 1518 et seq.

2. Woodard v. Allen, 1 Utah 2d 220, 265 P.2d 398, and authorities cited in footnote 2 thereto.