465 P.2d 353

**AMERICAN SAVINGS & LOAN ASSOCIA-
TION, a corporation, Plaintiff,**

v.

**Wayne T. BLOMQUIST and Ruth E. Blom-
quist, his wife, et al., Defend-
ants and Appellants.**

**A. D. SELLARS and Marie L. Sellars, his
wife, Cross-Complainants and
Respondents,**

v.

**Wayne T. BLOMQUIST and Ruth E. Blom-
quist, his wife, Cross-Defendants
and Appellants.
No. 11631.**

Supreme Court of Utah.

Feb. 17, 1970.

**36**

Richard L. Young, Salt Lake City, for appellants.

Lowell V. Summerhays, of Summerhays, Klingle & Cohne, Salt Lake City, for respondents.

CROCKETT, Chief Justice.

Wayne T. Blomquist and Ruth E. Blomquist, his wife, (the primary defendants) executed a $21,000 first mortgage on a home in Salt Lake City to the plaintiff American Savings & Loan Association on April 20, 1961, which was to be paid off in monthly payments. On January 8, 1965, when the Blomquists were several months in arrears on their payments, American Savings exercised its option to declare the entire indebtedness due and commenced a foreclosure proceeding. Eleven months later, December 6, 1965, the Blomquists sold the property to A. D. Sellars and Marie L. Sellars (defendants and cross-complainants) on a uniform real estate contract.

In the foreclosure proceeding the trial court entered a judgment of foreclosure in favor of plaintiff and against both the Blomquists (primary defendants) and the Sellars (defendants and cross-complainants), who had been joined as defendants. But it recited that there were cross claims pending between the Blomquists and the Sellars because the latter claimed an interest in the mortgaged premises by reason of an unrecorded uniform real estate contract; and that the issues between them were reserved for determination in a future proceeding. The judgment in favor of plaintiff American Savings & Loan is not appealed.

In the further proceeding held on March 5, 1969, the trial court made findings and judgment rejecting the respective cross claims of the defendants Blomquists and of the cross-complainants Sellars wherein each accused the other of breach of the contract. They both appeal.

After the Sellars had bought the property from the Blomquists in December, 1965, they made their payments regularly until February in 1967, when they were served with summons in the foreclosure action which had been brought by plaintiff American Savings & Loan. Because of the facts that the Blomquists were in default on the mortgage, and that they were not making payments, to the American Savings & Loan, the Sellars refused to make further payments to the Blomquists. Upon Sellars' refusal to make the February, 1967 payment, the Blomquists notified the Sellars that they were in default and that they elected to treat the contract as a mortgage and foreclose against Sellars as provided in paragraph 16C of the contract, and demanded the full balance of $33,885.87. Sellars refused to make further payments to the Blomquists, which they assumed would continue to be diverted to other purposes and not paid on the mortgage, until a

receiver was appointed. This was done in November, 1967. Whereupon the Sellars began making payments to the receiver.

The position of the Blomquists is that as vendors they were not required to have marketable title all during the pendency of the contract, but only when the final payment was made or tendered;[1] and that the Sellars could not claim breach of the contract until they had made or tendered all payments thereon.[2] They argue that even though the property was under foreclosure, they had the possibility of making good title until the end of the redemption period; and that they therefore were entitled to have the Sellars continue the payments. We do not disagree with the argument, nor with the cases cited, in appropriate circumstances. But where it is shown that there is no possibility that the vendor will be ever able to convey good title, the purchaser of property is not required to continue on the useless course of paying up in full and making demand for an obviously impossible performance.[3] Whether this is the fact is something for the trial court to determine.

In its findings and conclusions the trial court recited that the Blomquists (primary defendants) "were unable and are unable, to avail themselves of a cross counterclaim against * * * A. D. Sellars and Marie L. Sellars, for the reason that the Blomquists were in default on the contract at the time it was entered into and were subsequently foreclosed and precluded from any further interest therein * * * [and that] * * * the said Blomquists were not entitled to foreclose the title to the property they had previously been foreclosed out of themselves." In support of this determination it is important to note that there was in paragraph 11 of the contract a provision by which the vendors (Blomquists) covenanted that they "would not default in the payment of their obligations against the property"; and that their failure to make payment to the American Savings constituted a violation of that covenant. Further, the evidence shows that the Blomquists were not even using the monthly payments made by Sellars to pay on the American Savings mortgage. In such circumstances there is no reason whatsoever to overrule the trial court's refusal to allow Blomquists to recover against the Sellars.

We turn to the other aspect of the case: the appeal of the Sellars attacking the trial

---

1. Woodard v. Allen, 1 Utah 2d 220, 265 P.2d 398.

2. See Ziehen v. Smith, 148 N.Y. 558, 42 N.E. 1080; Griesemer v. Hammond, 18 Cal.App. 535, 123 P. 818; Lloyd v. Locke-Paddon Land Co., 5 Cal.App.2d 211, 42 P.2d 367.

3. See Tremonton Inv. Co. v. Horne, 59 Utah 156, 202 P. 547; Giarratano v. McIlwain, 1926, 215 App.Div. 644, 214 N.Y.S. 582; Anno. at 109 A.L.R. 242 et seq.

court's refusal to allow them to recover on their cross-complaint against the Blomquists. In the circumstances discussed above, where the vendors (Blomquists) had first been guilty of such a substantial breach of their obligations under the contract, and where it appeared to be an obviously futile thing for the Sellars to continue making payments, it was not obligatory upon them to do so;[4] but they were entitled to treat the contract as broken, refuse further performance and seek redress in damages resulting to them from the breach.[5] We therefore find ourselves unable to agree with the conclusion of the trial court denying the Sellars relief on their cross-complaint. The case is remanded for a determination of their damages. Costs awarded to cross-complainants Sellars (respondents).

CALLISTER, HENRIOD, TUCKETT, and ELLETT, JJ., concur.

4. That decisions in such cases are based upon principles of equity, take into consideration the total circumstances, including the question of good faith of the parties in their willingness to perform their obligations under the contract see Trammel v. Kemler, 226 Iowa 918, 285 N.W. 196; Dastrup et al. v. Smuin et al., 179 F.2d 860.

5. Cf. the case of Leavitt v. Blohm, 11 Utah 2d 220, 357 P.2d 190, where on different facts it was deemed inequitable to allow the purchaser to recover.